INTERNATIONAL INSURANCE COMPANY, an Illinois Corporation, et al., Plaintiffs–Appellants,

v.

McDERMOTT INCORPORATED, a Delaware Corporation, et al., Defendants–Appellees.

No. 91–3398.

United States Court of Appeals, Fifth Circuit.

March 9, 1992.

Francis P. Accardo, Gus A. Fritchie, III, Montgomery, Barnett, Brown, Reed, Hammond & Mintz, New Orleans, La., and Laurence M. McHeffey, McElroy, Deutsch & Mulvaney, Morristown, N.J., for plaintiffs-appellants.

Rockne L. Moseley and Arden Jay Lea, Lea, Plavnicky & Moseley, New Orleans, La., for defendants-appellees.

Before POLITZ, Chief Judge, and KING and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

The Court's prior opinion in this case, of Feb. 19, 1992, is withdrawn in its entirety, and the following substituted in its place.

Today this Court once again turns its attention to issues of interpretation of contracts of insurance. In particular, we are asked to resolve, for the second time in the last several months, a question regarding a clause common in insurance policies, commonly known as a "Service of Suit" clause.

## I. Facts and Procedural History

Between 1981 and 1986 the International Insurance Company and U.S. Fire Insurance Company issued ten policies of umbrella and excess liability insurance to McDermott, Inc. In 1989 and 1990, McDermott and International engaged in discussions regarding whether and to what extent these policies provide coverage for some 20,000 asbestosis actions pending against McDermott and its subsidiary, Babcock & Wilcox, Inc. The gravamen of the asbestosis actions is an allegation that certain boilers manufactured by Babcock & Wilcox contained or incorporated asbestos insulation materials which allegedly caused asbestosis.

On January 3, 1991, McDermott made a formal demand on International for payment of amounts McDermott contended were due under the ten policies. McDermott told International that if it did not pay within thirty days, McDermott would "institute proceedings." The thirty day deadline came and went. International did not pay. McDermott did not institute proceedings. On February 28, 1991, International and U.S. Fire filed their own complaint, seeking a declaratory judgment as to their rights and liabilities with respect to all ten policies of insurance. They filed their complaint in the United States District Court for the Eastern District of Louisiana, the district in which McDermott and Babcock & Wilcox maintain their corporate headquarters. McDermott concedes that if the action may be maintained in the federal court, then jurisdiction and venue are proper in the Eastern District of Louisiana.

On March 15, 1991, about two weeks after International and U.S. Fire had filed their complaint in the federal district court, McDermott filed an action in state court in Jefferson County, Texas. In the state court action McDermott seeks to recover amounts McDermott claims under two of the ten policies, covering about 100 of the 20,000 outstanding asbestosis actions. Three days after it filed its action in Texas state court, McDermott moved to dismiss the federal action.

In its motion to dismiss the federal action, McDermott relies on a "Service of Suit" clause contained in each of the ten policies of insurance. That clause provides:

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

The federal district court concluded that this clause was a "forum selection clause," and that because McDermott, the insured, had chosen the Texas state court as its forum, the federal action had to be dismissed. International and U.S. Fire appeal.

## II. Discussion

Just last term, in *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991), this Court held that a "Service of Suit" clause substantially identical to the one at issue in this case gave the insured the right to choose the forum in which to try its claims against the insurer, and prohibited the insurer from removing an insured's state court action to federal court. 931 F.2d at 15. The question presented by the instant case is whether that same clause allows an insured to block, by a subsequent filing in state court, the insurer's otherwise valid federal action for declaratory judgment.

In *Nutmeg* an assignee of the insured filed an action against the insurer in Texas state court. The insurer removed the action to federal court. The assignee attempted to have the case remanded to the state court, but the federal court refused, and instead granted summary judgment to the insurer. The assignee appealed to this Court. We reversed the decision of the district court, holding that the case had to be remanded to the state court:

by including the "Service of Suit" endorsement in the general liability policy it issued to [the insured], [the insurer] ceded to [the insured] ... the right to choose the forum in which any dispute would be heard, and has foregone its right to remove the action.

*Id.* Relying on this language, McDermott contends that an identical Service of Suit clause in the policies of insurance at issue here entitles it "to choose the forum in which any dispute [will] be heard." In response, International and U.S. Fire argue that the Service of Suit clause does not mean—and should not be read to mean—that the insurer may not bring a declaratory judgment action of its own against the insured, or that the insurer may only bring a declaratory judgment action in a forum chosen by the insured.

International and U.S. Fire have the better of the argument. *Nutmeg* dealt with the situation in which an insured brings suit in a forum of its choosing, only to have its action removed to another forum of the insurer's choosing. In a strict sense, *Nutmeg* holds only that a Service of Suit clause like the one at issue there prevents an insurer from removing an action that the insured files in state court. *Nutmeg* certainly does not hold that a Service of Suit clause prevents the insurer from bringing an action of its own against the insured. Moreover, *Nutmeg* deals only with disputes raised (and complaints filed) by the *insured*. *Nutmeg* has nothing to say about complaints filed by the *insurer*. Indeed, the Service of Suit clause itself speaks only to actions brought by the insured. Thus, when the action is first instituted by the

insurer, the Service of Suit clause simply has no application.

Although it seems obvious that there is or will be some overlap between the federal and state actions between McDermott and the insurers, it is not clear from the record in this case that there is in fact any such overlap. If it develops that there is such an overlap—if the same issues are being litigated in two different courts—then that problem may be dealt with by reference to the usual panoply of rules governing judicial economy, the integrity of judgments, comity between federal and state courts, and the like.[1] This Court has no warrant, and no wish, to upset those rules on no greater basis than the construction of a single clause in a group of contracts of insurance.

The Court realizes that construing the Service of Suit clause to allow the insured to choose which forum will hear *its* action and to allow the insurer to choose which forum will hear *its* action may in some cases lead to an unfortunate race to the courthouse. On the other hand, the far-reaching construction of the Service of Suit clause advocated by McDermott leads to untenable results. If McDermott's position were to prevail, then the insured could effectively block an otherwise valid federal action simply by a later filing in state court. Indeed, under McDermott's absolute reading of the clause, McDermott might not even be required to respond to a declaratory judgment or other action filed against it by the insurer. McDermott could simply choose another forum, file suit, and have the insurer's action stayed or dismissed. McDermott would thus make the Service of Suit clause a convenient mechanism by which the insured could deprive the insurer of its right to seek a declaratory judgment or other redress from the courts. The Service of Suit clause certainly was not so intended.

Accordingly, while this Court reaffirms its holding in *Nutmeg* that the Service of

Suit clause gives the insured the right to choose which forum will hear *its* action, we hold today that the Service of Suit clause does not give the insured the right to prevent the insurer from bringing an action of its own, in a forum of the insurer's choosing, against the insured. Nothing in *Nutmeg* is to the contrary.

### III. Conclusion

For the reasons stated, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

1. Thus, as International and U.S. Fire concede, they must appear in the Texas court in which McDermott has filed its action, and must submit to the jurisdiction of that court. The Service of Suit clause requires as much. If the issues in that case prove to be duplicative of issues in the federal action, then it will be up to the state court to decide what action to take to avoid trying the same case in two courts.