**TENNESSEE GAS PIPELINE COMPANY**

v.

**CONTINENTAL CASUALTY COMPANY, et al.**

Civ. A. No. 91–1024–B.

United States District Court, M.D. Louisiana.

Jan. 27, 1993.

William P. Skinner, Virginia G. Watkin, R. Paul Detwiler, Ulanda D. Rippy, Washington DC, William R. D'Armond, Leonard L. Kilgore, III, Gary A. Bezet, Melanie M. Hart-

mann, Baton Rouge, LA, for Tennessee Gas Pipeline Co.

David E. Schroeder, Chicago, IL, William A. Porteous III, New Orleans, LA, for Allstate Ins. Co.

Richard M. Shusterman, Thomas J. Ziomek, Regina B. Mapes, Susan Colatsky, Philadelphia, PA, James M. Garner, New Orleans, LA, W. Mark Wigmore, Hartford, CT, for Cent. Nat. Ins. Co. of Omaha.

Bradley M. Jones, Minneapolis, MN, William C. Kaufman, III, Brad Jones and Eric Marhoun, Minneapolis, MN, pro hac vice, Baton Rouge, LA, for Continental Cas. Co.

Barry Bendetowies, Steven G. Adams, New York City, H. Lee Leonard, Lafayette, LA, for First State Ins. Co.

Ricky S. Feldman, Michelle Marone, Arthur J. Liederman, New York City, Robert E. Winn, Session & Fishman, New Orleans, LA, for Gerling Konzern Allgemeinne Versichegungs Aktiengelellschaft.

Elizabeth Medaglia, Washington DC, Dan E. West, Baton Rouge, LA, for Granite State Ins. Co.

Richard Lee Blatt, Chicago, IL, for London Market defendants including ICAROM, p.l.c.

Michael J. Merlow, Michael R. Gregg, Karen L. Douglas, Chicago, IL, Edward H. Bergin, Raymond J. Salassi, Jr., New Orleans, LA, for Prudential Reinsurance Co.

Max Levine, North Provo, UT, for Southern American Ins. Co.

Michael D. Gallagher, Kathleen M. Carson, Shelby L. Mattiolo, Philadelphia, PA, for Stonewall Ins. Co.

Bert W. Rein, James M. Johnstone, Kirk J. Nahra, William G. Miller, Washington DC, Ralph S. Hubbard, III, Gordon P. Wilson, New Orleans, LA, for Travelers Indem. Co.

Ralph S. Hubbard, New Orleans, LA, for Travelers Indem. Co. of R.I.

Daniel J. Caruso, New Orleans, LA, for American Employers' Ins. Co.

Andrew L. Plauche, Jr., New Orleans, LA, for American Motorists Ins. Co.

William A. Porteous, III, Glenn B. Adams, New Orleans, LA, for American Re–Insurance Co.

Thomas J. Wagner, Wagner & Bacot, New Orleans, LA, for Highlands Ins. Co.

Michael Rubin, for Home Ins. Co.

Michael Hunt, Phelps Dunbar, Baton Rouge, LA, for Insco Ltd.

Greg Forney, John L. Hayob, Kansas City, MO, for Lexington Ins. Co.

Lisa Miley Geary, Metairie, LA, Merlo, Douglas and Gregg, pro hac vice for Republic Ins. Co.

W. Paul Anderson, George D. Fagan, New Orleans, LA, for Stonewall Ins. Co.

Michael Hunt, Phelps Dunbar, Baton Rouge, LA, for Zurich Intern. Ltd., Certain Underwriters at Lloyd's London and Ins. Corp. of Ireland.

John Mathias, Peter Freeman, James Benak, John Shugrue, Jenner & Block, Chicago, IL.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

Tennessee Gas Pipeline Company ("Tennessee Gas") has filed a motion to remand this suit to the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana. For reasons which follow, this Court grants the plaintiff's motion to remand.

### I. FACTS AND PROCEDURAL HISTORY

On August 9, 1991, Tennessee Gas filed a Petition for Declaratory Judgment and Breach of Contract in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. The state court petition named some 400 insurance companies as defendants. Included as one of the defendants was the Insurance Corporation of Ireland. Tennessee Gas sought to have the insurance companies indemnify and defend the plaintiff against liability for various claims and losses resulting from environmental damage which allegedly occurred from 1953 through 1985. Plaintiff's suit also seeks a declaration of the present and future rights, duties and liabilities of the parties with respect to underlying environmental claims brought by third parties against Tennessee Gas.[1]

On November 12, 1991, ICAROM plc ("ICAROM"), formerly known as the Insurance Corporation of Ireland plc ("ICI"), removed this suit to federal court. ICAROM contends that the federal district court has original jurisdiction over the claims brought against it because ICAROM is an instrumentality of a foreign state sued by a resident of the United States.[2] This suit was removed pursuant to 28 U.S.C. § 1441(d) which permits removal of "[a]ny civil action in a State Court against a foreign state as defined in section 1603(a) of this title." On December 9, 1991, Tennessee Gas timely filed a motion to remand this action to state court. It is this motion which is now pending before the Court.

### II. THE ISSUES

Tennessee Gas bases its motion to remand on the following grounds: (1) ICAROM's notice of removal was not timely filed and no cause exists to allow an untimely motion to remove; (2) ICAROM is not an instrumentality of the Republic of Ireland within the meaning of 28 U.S.C. § 1603(b); (3) the insurance policy subscribed to by ICAROM contains a service of suit clause which constitutes a waiver of any right to remove the suit to federal court that ICAROM might otherwise possess; and, (4) if the Court concludes that it has subject matter jurisdiction over the claim against ICAROM, the Court should

1. Plaintiff seeks a declaration of coverage under state law rather than under any federal statute or jurisprudence.

2. 28 U.S.C. § 1330(a) (1991) provides:
 (a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

remand the suit against the other defendants to state court.

## III. DISCUSSION OF ISSUES

### A. Timeliness of the Notice of Removal

The first issue the Court must determine is whether ICAROM timely removed this suit to federal court and, if not, should the time to remove be extended for cause shown. The time within which a suit must be timely removed to federal court is set forth in 28 § 1446(b) which provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.

Congress enacted an exception to this general thirty day limitation upon removal for suits filed against a foreign sovereign. Thus, 28 U.S.C. § 1441(d) states:

(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter *may be enlarged at any time for cause shown.* (emphasis added).

Thus, the Court may enlarge the time for a foreign state to remove an action to federal court provided cause for the delay is shown.

Foreign states are given clear authority to remove a state court action to federal court under 28 U.S.C. § 1441(d). Under § 1441(d), a foreign state may remove a suit to federal court even if there are defendants who do not join in the removal or do not wish to remove the action to federal court or are citizens of the state in which the action is brought.[3]

■■■ Section 1441(d) allows a foreign state to enlarge the time for removal "for cause shown." Noticeably missing from § 1441(d) is the word "good" from its description of the cause requirement. The starting point for the interpretation of any statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must be construed as conclusive evidence of congressional intent.[4] Therefore, the Court finds that a foreign state may seek an enlargement of the time to remove a suit to federal court "at any time for cause shown." Congress did not set a time limitation by which a foreign state had to seek an enlargement of time, nor did the Congress require that "good" cause be shown. Indeed, in *Refco, Inc. v. Galadari,*[5] the Court allowed a foreign state to remove an action after it had been pending for five years.

ICAROM asserts that the removal notice was delayed while it was investigating the suit and the facts regarding coverage. Additionally, ICAROM contends it needed time to ascertain whether service of process had been properly perfected on the agent designated in its insurance policy. ICAROM also argues that a delay was necessary to investi-

---

**3.** C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 3729, pp. 483–484 (1983). Section 1446(a), the general removal statute, states that "[a] defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal." This language has been interpreted to require the consent of all of the defendants in an action before that action may be removed to federal court. However, section 1603(a) provides that an action brought in state court may be removed by the "foreign state". The language of section 1603(a) creates an ex-

ception to the general rule, and demonstrates the ability of the foreign sovereign to remove without the consent of its co-defendants. Therefore, *Doe v. Kerwood,* 969 F.2d 165 (5th Cir.1992) is inapposite.

**4.** *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990).

**5.** 755 F.Supp. 79 (S.D.N.Y.1991).

gate the status of the particular policy in question.

The Court finds that ICAROM has established sufficient cause to enlarge the time for removal of this suit to federal court within the meaning of § 1441(d). Therefore, the Court finds that ICAROM timely removed the state court suit to federal court under the facts of this case.

B. Was ICAROM an Instrumentality of the Republic of Ireland Within the Meaning of 28 U.S.C. §§ 1603(b)?

For purposes of deciding the motion before the Court, the Court assumes, without deciding, that ICAROM is an instrumentality of a foreign sovereign for purposes of 28 U.S.C. § 1603(b), 28 U.S.C. § 1330(a) and 28 U.S.C. § 1441(d).[6]

C. The Service of Suit Clause

 Both Tennessee Gas and ICAROM agree that the insurance policy subscribed to by ICAROM incorporated by reference the service of suit clauses which appear in the underlying London Market insurance policies. The Clause itself reads:

> It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, *at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.*
>
> It is further agreed that service of process in such suit may be made as stated in Item 9 of the Declarations, and that in any suit instituted against any one of them upon this Policy, Underwriters will abide by the final decision of such court or of any Ap-

pellate Court in the event of an appeal. The person or firm named in Item 9 of the Declarations are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriter's behalf in the event suit shall be instituted.

> Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officers specified for the purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof. (emphasis supplied)

Tennessee Gas contends that this clause precludes ICAROM from removing this case to federal court. Plaintiff asserts that by filing a suit in state court it has "requested" that this action be heard in state court in accordance with the service of suit clause in the policy. Thus, Tennessee Gas contends that ICAROM is compelled to "submit" to "any court"—in this case, the state district court—chosen by the insured. In response to plaintiff's argument, ICAROM argues that any waiver of its removal rights must be clear and unequivocal and that the service of suit clause incorporated in its policy fails to "unequivocally express" its intent as a foreign sovereign to waive any removal rights it has under 28 U.S.C. § 1441(d).

---

**6.** There are conflicting opinions rendered by federal district courts over whether ICAROM is an instrumentality of Ireland within the meaning of 28 U.S.C. § 1603(b). Two cases have held that ICAROM is not a foreign state for purposes of the Foreign Sovereign Immunities Act of 1976. *Mobil Corp. v. Abeille General Ins. Co.*, H–89–3877, 1990 U.S. Dist. LEXIS 19792 (S.D.Texas 1990),

*appeal pending*, 984 F.2d 664 (5th Cir.) and *Murphy Oil USA, Inc. v. United States Fidelity & Guaranty Co., et al*, No. 91–1157, 1992 WL 465701 (W.D.Ark.1992). In *In Re Texas Eastern Transmission Corp. Contamination Insurance Coverage Litigation*, MDL 764 (E.D.Penn., Sept. 15, 1988), the court held otherwise.

This case presents unique facts to an already complex legal issue. There are serious legal and factual issues regarding ICAROM's status as a foreign sovereign, which the Court has decided not to resolve at this time. The evidence in this case also reveals that the service of suit clause contained in the policy was prepared and issued by a foreign *private* insurer to a private insured. Thus, at the time the policy was issued, only private parties were involved and these private parties agreed to the right to sue clause previously set forth above. Thereafter, ICAROM took over the rights and obligations of the private insurer. Thus, the Court must determine whether the clause which was agreed to by private parties to an insurance agreement is to be nullified because an instrumentality of a foreign sovereign is now allegedly involved.

The genesis of the case law in the Fifth Circuit involving service of suit clauses appears to be the decision rendered by this Court in *Capital Bank & Trust v. Associated International Insurance Co.*[7] In *Capital Bank,* this Court found that the waiver of removal rights must be clear and unequivocal.[8] However, the Court held that by agreeing to "submit to the jurisdiction of any court of competent jurisdiction within the United States", the defendant insurer waived its right to remove the suit, initially filed by the insured in state court, to federal court.[9] The Court further noted:

> If there was any doubt as to what the insured understood by the terms of the service of suit clause, it is made clear by this motion to remand. If the insurer desired to reserve the right to remove to

7. 576 F.Supp. 1522 (M.D.La.1984).

8. 576 F.Supp. at 1524.

9. In *Capital Bank,* this Court was mindful of the general rule in Louisiana that when interpreting the terms of an insurance contract, any doubt or ambiguity in the meaning of the policy should be resolved in favor of the insured and against the insurer. 576 F.Supp. at 1524–1525.

10. 576 F.Supp. at 1525.

11. 931 F.2d 13 (5th Cir.1991).

12. 931 F.2d at 15.

federal court after the insured chose the state in which he desired to file suit, the insurer could simply have inserted a clause stating "reserving the insurer's right to remove to Federal court."[10]

Recently the Fifth Circuit had the opportunity to interpret a similar service of suit clause in *City of Rose City v. Nutmeg Ins. Co.*[11] Following the reasoning of this Court in *Capital Bank,* the Fifth Circuit found a similar service of suit clause to constitute a waiver of removal. The Fifth Circuit stated that if the insurance company "had wished to preserve the right to remove any action filed against it in state court, it could easily have said so in the policy."[12] The Fifth Circuit found that the insurer's promise to submit to the jurisdiction of "any court" rather than "some court" gave the policyholder the right to select the forum,[13] and foreclosed the insurer's right to remove the action to federal court.[14] The language construed as an operative waiver of removal rights in *Nutmeg* is also contained in the policy subscribed to by ICAROM.

The Third Circuit reached a similar result in *Foster v. Chesapeake Ins. Co., Ltd.*[15] Relying on *Capital Bank,* the Third Circuit affirmed the remand of a suit based on the policy's service of suit clause stating:

> [B]y consenting to '*submit*' to '*any court*' of competent jurisdiction 'at the request of the Company' and to comply with all requirements necessary to give '*such court*' jurisdiction, Chesapeake agreed to go to, *and stay in,* the forum chosen by Mutual Fire.[16]

13. The defendant *Nutmeg* argued that the service of suit clause constituted nothing more than a consent to the jurisdiction of a Court in the United States. Rejecting this argument, the Fifth Circuit found that there was little question that the insurance company would have had to submit to the jurisdiction of some court in the United States.

14. 931 F.2d at 16.

15. 933 F.2d 1207 (3rd Cir.1991).

16. *Id.* at 1216–1217 (emphasis in original opinion).

Shortly after *Nutmeg* was decided, the Fifth Circuit decided the case of *McDermott International, Inc. v. Lloyd's Underwriters of London* (" "*McDermott I*").[17] In *McDermott I*, the plaintiff submitted a claim to its insurer for losses it sustained. After the insurer denied the claim, McDermott filed suit in state court which was then removed to federal court. The defendant invoked an arbitration clause in the policy and demanded that McDermott submit to arbitration of the issues. The district court remanded the case to state court because of a service of suit clause that is virtually identical to that invoked by Tennessee Gas in this case. The Fifth Circuit found the service of suit clause did not apply in *McDermott I*. The Fifth Circuit began its analysis in *McDermott I* by reaffirming the general rule that "[w]hen a policy's service of suit clause applies, its probable effect is to waive the insurer's removal rights."[18] However, the facts of *McDermott I* required the court to modify the general rule by recognizing that "[t]he policy's service-of-suit clause does not necessarily apply to disputes concerning the proper forum to decide arbitrability questions."[19] The Court found that the service of suit clause in the policy could be effectuated only by filing a suit to enforce an arbitration award because any suit filed *prior* to arbitration proceedings would be premature.[20] Finally, *McDermott I* held that the service of suit clause was ambiguous and should only be construed as a waiver of an objection to personal jurisdiction.[21] This conclusion was clearly inconsistent with both *Nutmeg* and *Capital Bank* and possibly should be limited to the special facts and circumstances of *McDermott I*.[22] The Court finds that *McDermott I* is not applicable under the

facts of this case. There is no arbitration clause in the ICAROM insurance contract. The waiver of suit clause in the ICAROM policy is almost identical to those previously set forth in *Capital Bank* and *Nutmeg*. Furthermore, none of the voluminous memoranda submitted to the Court in connection with this motion to remand indicate that the parties' expectations were shaped by the time or ownership factors present in *McDermott I*. Finally, there have been no factual submissions which identify the party which drafted or was responsible for the inclusion of the service of suit clause in the Tennessee Gas policy. In short, it is clear that if there were only private parties involved in this case, this waiver of suit clause would clearly be enforceable under *Capital Bank* and *Nutmeg*. The service of suit clause was inserted in the Tennessee Gas policy when only private parties were involved. The fact that ICAROM later assumed the obligations of the private insurer is not sufficient reason to ignore the clear meaning of the waiver of suit clause. Specifically, the fact that ICAROM may be an instrumentality of a foreign sovereign and covered by the FSIA does not make the waiver of suit clause null and void. A recent decision rendered by the Western District of Arkansas agrees with this Court's conclusion.[23]

The FSIA does not require that a foreign sovereign only be sued in the federal courts of the United States. In *Republic of Argentina v. Weltover, Inc.*,[24] Justice Scalia, writing for the Court noted:

> The Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 et seq. (FSIA), establishes a comprehensive framework for determining whether a court in this country, *state or federal*, may exercise jurisdic-

17. 944 F.2d 1199 (5th Cir.1991).

18. 944 F.2d at 1204–1205.

19. 944 F.2d at 1204.

20. *Id.*

21. 944 F.2d at 1206.

22. For example, the Court recognized that when McDermott purchased the Lloyd's policy in 1952, the Fifth Circuit did not enforce agreements to waive removal rights. 944 F.2d at 1204. Thus, the parties may not have intended at the time of the contract to waive these rights. Furthermore, McDermott drafted the service of suit clause for the policy, and was therefore deemed to forfeit any benefit from the provision under the policy-drafter principle. 944 F.2d at 1207.

23. Murphy Oil Co. v. United States Fidelity & Guaranty Co., No. 91–1157 (W.D.Ark. Dec. 18, 1992).

24. —— U.S. ——, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992).

tion over a foreign state. Under the Act, a "foreign state *shall* be immune from the jurisdiction of the courts of the United States *and of the states*" unless one of the several statutorily defined exceptions applies. § 1604 (emphasis added)[25]

Thus, the FSIA specifically provides for suits in the state or federal courts of the United States. Tennessee Gas filed this suit in state court and now seeks to have the case remanded to state court. ICAROM assumed all of the rights and obligations of the private insurer, including the waiver of suit clause when it took over the policies. It should not now be allowed to disregard the obligation set forth in the waiver of suit clause to respond to a suit in a court selected by its insured. The Court's conclusion is supported by the most recent Fifth Circuit opinion on the issue, *International Ins. Co. v. McDermott Inc. ("McDermott II").*[26] In *McDermott II,* the insurer brought an action for declaratory judgment in federal court to determine if there was coverage for losses allegedly incurred by its insured. McDermott, the insured, then instituted its own action in state court. McDermott claimed that a forum selection clause in the policy prevented the insurer from bringing its federal action. The court found the service of suit clause did not give the insured the right to prevent the insurer from bring a declaratory action of its own in a forum of the insurer's choosing, including federal court.[27] The court held the clause merely prevented removal by an insurance company of an action filed by the insured in state court.

In reaching its conclusion in *McDermott II,* the Fifth Circuit expressly reaffirmed the holding of *Nutmeg* that the service of suit

clause gives the insured the right to choose which forum will hear its action.[28] Accordingly, *McDermott II* serves as a declaration that service of suit clauses are enforced in the Fifth Circuit. Indeed, such a result is consistent with *McDermott I* which states that "the probable effect [of a service of suit clause] is to waive the insurer's removal rights."[29]

Thus, the fact that ICAROM may enjoy foreign sovereign status does not mean it cannot enter into or assume a contract which designates the place where suit is to be filed. As noted earlier, the insurance company which initially subscribed to the insurance policy containing the waiver of suit clause was not a foreign state, but a private insurer which was subsequently allegedly purchased by the Republic of Ireland. This Court fails to see how otherwise clear language in a policy becomes ambiguous or meaningless simply because one party is a foreign sovereign. The phrase "submit to the jurisdiction of any court" should be given the same interpretation irrespective of the parties' identity. While the Court agrees that Congress has enacted statutory protections for foreign sovereigns, these protections are distinguishable from the agreements entered into by those foreign sovereigns which unequivocally waive such protections.[30] The evidence in this case reveals that an information release provided by the Insurance Corporation of Ireland provided that the Administrator "[w]ishes to stress that his appointment does not bring about any change in the rights of policy holders under existing policies." As evidenced by the statement of the government's appointed administrator, ICI proclaimed that

**25.** ICAROM is neither seeking nor could seek immunity in this case under the FSIA because of the commercial exception set forth in § 1605(a)(2).

**26.** 956 F.2d 93 (5th Cir.1992).

**27.** 956 F.2d at 96.

**28.** *Id.*

**29.** 944 F.2d at 1204–1205.

**30.** In *Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), a contract of towage between an American corpora-

tion and a foreign corporation provided that in the event of a dispute, the forum would be the courts of England. The lower courts held that this term was null and against public policy as an ouster of the jurisdiction of the United States courts. The Supreme Court held that, in accordance with ancient concepts of freedom of contract, such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to unreasonable under the circumstances. There has been no showing by ICAROM that the insurer was subject to undue influence or an "overweening bargaining power" on the part of Tennessee Gas.

the policy should be read and interpreted just as it would have been had the government never been involved in the operations or ownership of the company. ICAROM has no greater contractual rights now than it possessed when it was placed into government ownership.

Therefore, the Court finds the waiver of suit clause is valid. Since Tennessee Gas has chosen to file suit in state court, ICAROM has waived its right to remove this suit to federal court.

### D. Was the Motion to Remand Based on the Waiver of Suit Clause Timely Filed?

 ICAROM contends that Tennessee Gas failed to timely file a motion to remand based on the waiver of suit clause. ICAROM admits that Tennessee Gas filed a timely motion to remand within thirty days of the date the suit was removed to federal court. However, ICAROM contends the plaintiff's motion to remand only contested the timeliness of the plaintiff's notice of removal of the suit to federal court. Since no other defects in the notice of removal were challenged by the plaintiff, ICAROM contends that Tennessee Gas has waived all other procedural defects in the removal. Tennessee Gas contends that by filing a motion to remand within thirty days of ICAROM's notice of removal, it preserved its right to assert *all* procedural defects in the notice of removal even though such defects were not specifically asserted in the motion to remand at the time the motion was originally filed with the Court.

A motion to remand "the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)."[31] The first question the Court must determine is whether the invocation of a forum selection clause is a "defect in removal procedure" subject to the thirty day time limitation.

The Fifth Circuit has defined a procedural defect to mean any defect that does not go to the question of whether the case originally could have been brought in federal district court.[32] In *In Re Digicon Marine, Inc.* ("*Digicon*"),[33] the Fifth Circuit addressed this issue in some detail and concluded "that a defect in removal procedure includes within its reach the bringing of an action not within the court's removal jurisdiction but that could have been brought originally in that court."[34] A similar ruling was made in *Hopkins v. Dolphin Titan International, Inc.*[35] Lack of authority to remove a suit to federal court is not lack of subject matter jurisdiction.[36]

The Fifth Circuit's holdings in *Digicon* and *Hopkins* are applicable to the facts of this case. The service of suit clause in the insurance policy precludes ICAROM's removal of this action to federal court. However, Tennessee Gas could have originally brought this suit in federal court. Furthermore, ICAROM could have filed suit in federal court had ICAROM filed a declaratory action in federal court prior to the state court action having been filed.[37]

Therefore, pursuant to *Barnes* and *Digicon*, the defect in removal caused by the service of suit clause is clearly nonjurisdictional and subject to the thirty day limitation of § 1447(c).

ICAROM does not contest the timeliness of Tennessee Gas' motion to remand. What is contested is the timeliness of the forum selection argument. The service of suit argument was raised by Tennessee Gas in briefs filed with this Court after the motion to remand was filed. No discovery on the issue was required and both parties were given the opportunity to submit written and oral arguments on the issue.

It is clear that § 1447(c) requires a motion to remand to be filed within thirty days after

---

31. 28 U.S.C. § 1447(c).

32. *In Re Digicon Marine, Inc.*, 966 F.2d 158 (5th Cir.1992); *Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir.1992); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540 (5th Cir.1991).

33. 966 F.2d 158 (5th Cir.1992).

34. 966 F.2d at 160.

35. 976 F.2d 924 (5th Cir.1992).

36. *Id.*

37. *McDermott II*, 956 F.2d 93.

the filing of the notice of removal. The clear language of the statute does not require plaintiff to set forth all arguments at the time the motion is filed as long as the motion is filed within thirty days of the filing of the notice of removal. This analysis is consistent with the congressional intent in implementing the 1990 amendments to the removal statute. For example, Congress set a one year limitation on removal of actions based on diversity jurisdiction.[38] A motion to remand based on removal defects was required to be filed thirty days after the notice of removal was filed in federal court.[39] In essence, Congress was seeking to avoid forum shopping by the parties after a state or federal court in which the action was pending renders an unfavorable decision to a party. As long as a motion to remand is timely filed within the thirty day period, the court should be allowed to determine *all* procedural defects which are raised while the motion to remand is pending. This Court believes such a procedure clearly complies with the clear language of Section 1447(c) and the congressional intent regarding removal actions. Indeed, the Court can find no case or statute which prevents a party from amending the motion to remand while it is pending.[40] This is especially true in light of the well established rule that in analyzing the removal statutes, the Court must focus on the language of the statute [41] keeping in mind that the removal statutes must be construed narrowly in deference to state court jurisdiction.[42]

The Court finds that plaintiff preserved its contractual right to enforce the service of suit clause when it filed a timely motion to remand notwithstanding the fact that this issue was asserted in briefs filed with the Court while the motion to remand was pending. Because the service of suit clause is valid and timely relied on by the plaintiff in its motion to remand, the Court finds this suit must be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge in accordance with 28 U.S.C. § 1447(c).

## VI. ORDER

Therefore:

IT IS ORDERED that the motion to remand filed by Tennessee Gas be and it is hereby GRANTED. This suit shall be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana.

Judgment shall be entered accordingly.

**38.** 28 U.S.C. § 1446(b).

**39.** 28 U.S.C. § 1447(c).

**40.** Professors Wright and Miller write:

The general concern regarding a permissive attitude toward amendment of motions is that lawyers will be tempted to file them in skeletal form and rely on their ability to expand or add new grounds at a later time. Although this fear can be raised in connection with the amendment of pleadings, it never has been viewed as weighty enough to warrant compromising the effectiveness of the liberal policy of Rule 15. Moreover, as long as the ability to amend a motion is left to the discretion of the trial judge, his ability to deny leave to amend when he believes the amendment process is being abused provides a sufficient safety valve. Thus, although there may be valid policy rea-

sons for not granting the movant an absolute or automatic right to amend his motion, there is no reason to deny amendment when the trial judge believes it would be in the interests of justice to permit it. The use of discretion seems especially appropriate if the adverse parties will not be prejudiced by the amendment, or if the amendment is necessary to insure that the case is adjudicated fairly and justly or if it will help resolve the litigation at an early date.
5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 1194 at 50–51 (1985).

**41.** *Primate Protection League v. Tulane Educ. Fund,* —— U.S. ——, ——, 111 S.Ct. 1700, 1705, 114 L.Ed.2d 134 (1991).

**42.** *Smith v. Executive Fund Life Ins. Co.,* 651 F.Supp. 269, 270 (M.D.La.1986).