**Frank GRADY, Donna Grady, Emily Grady, Eric Grady, Barry Horwitz, and the Horwitz Family Limited Partnership,**

v.

**Russell STOEVER and Stoever, Glass & Co., Inc.**

**Civil Action No. G–97–106.**

United States District Court, S.D. Texas, Galveston Division.

July 8, 1997.

---

Paul S. Francis, Baker & Hostetler, Houston, TX, for Plaintiffs.

Charles G. King, III, King and Pennington, Houston, TX, for Defendants.

## ORDER DENYING MOTION TO REMAND

KENT, District Judge.

Now before the Court is Plaintiffs' Motion to Remand, dated March 28, 1997. For the reasons set forth below, the Motion is **DENIED.**

This action involves a securities dispute where Plaintiffs allege claims under the Texas Securities Act. Defendants removed the suit based on diversity of citizenship. Plaintiffs are individual Texas residents, a Texas trust and a Texas limited partnership with its principal office in Texas. Defendant Russell Stoever is an individual citizen of New Jersey. Defendant Stoever Glass is a broker-dealer incorporated in New York with its principal place of business in New York and is registered to sell securities in Texas.

In order to sell securities in the State of Texas, Defendant Stoever Glass was required to file a Power of Attorney Agreement pursuant to Article 581–16 of the Texas Securities Act in which it consented to the appointment of the Texas Securities Commissioner as its agent "upon whom all process of law against [it] ... may be served" and whereby Defendant Stoever Glass agreed that "all process" so served "shall be deemed valid personal service upon [it]" and "have the same effect as if such corporation were organized and created under the laws of the State of Texas, and had been lawfully served with process therein." Tex.Rev.Civ. Stat. Ann art. 581–16 (Vernon 1997). Defendant Stoever Glass filed the required Power of Attorney Agreement with the Texas Securities Commissioner. Plaintiffs now argue that by doing so, Defendants have waived their rights to removal because the Agreement is, in effect, a valid forum selection clause. Plaintiffs also argue that the Agreement destroys removal based on complete diversity of citizenship.

A corporation is deemed a citizen for purposes of diversity jurisdiction only where it is incorporated and where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *See also J.A. Olson Co. v. City of Winona, Mississippi,* 818 F.2d 401, 404 (5th Cir.1987). Defendant Stoever Glass is neither incorporated in Texas nor maintains its principal place of business in Texas. The fact that Defendant Stoever Glass has registered to do business in Texas, has complied with the laws of the State of Texas and appointed an agent for service of process, and sells securities in Texas does not change its citizenship or destroy complete diversity. Defendant Stoever Glass concedes that process was properly served on it via the Texas Securities Commissioner, and that it is subject to personal jurisdiction in Texas. However, Plaintiffs seem to confuse personal jurisdiction with citizenship here. Defendants are not citizens of Texas; therefore, complete diversity exists between the parties.

Plaintiffs also argue that the Power of Attorney Agreement acts as an enforceable forum selection clause in which Defendant Stoever Glass waived its right to remove. Plaintiffs are correct that it is pos-

sible for a party contractually to waive its right to remove where the waiver is clear. However, the Fifth Circuit authority Plaintiffs rely on are limited to interpreting forum selection clauses contained in privately negotiated contracts. *See, e.g., City of Rose v. Nutmeg Ins. Co.,* 931 F.2d 13, 16 (5th Cir.), *cert. denied,* 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991); *International Ins. Co. v. McDermott,* 956 F.2d 93, 95 (5th Cir.), *cert. denied,* 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). No such agreement is present here. Defendants' consent to personal jurisdiction is not found in a contract with Plaintiffs, but is imposed by a Texas statute regulating the sale of securities in Texas. Furthermore, the statute does not amount to an agreement to litigate an action in any forum Plaintiffs choose. Instead, Article 581–16 allows a plaintiff to commence an action against a defendant registered to sell securities in Texas in the "proper court" in any county of the state where the claim arose or where the plaintiff resides by serving process on the Texas Securities Commissioner. In other words, the statute provides that Defendants are subject to personal jurisdiction in Texas, and that service of process may be made on the Texas Securities Commissioner. Defendants have not agreed to be sued and remain in state court thereby forfeiting the right to removal.

Finally, Plaintiffs argue that if this suit is not remanded to state court and is instead transferred to the Southern District of New York to be consolidated in a class action pending there, they will be prevented from conducting "critical" pre-trial discovery "uniquely peculiar" to their common law and Texas claims. The Court is not persuaded by this argument. At the Scheduling Conference held before the Court on July 2, 1997, even Plaintiffs' counsel admitted that the Plaintiffs' claims arose from whether a reasonable investigation was made into certain Bennett interests, as does the S.D.N.Y. class action suit. Therefore, any necessary discovery in that action relevant to those common issues will likely be duplicated in this action if the Court were to remand the case at this time. Under those circumstances, and for all of the above reasons, the Plaintiffs' Motion to Remand is **DENIED.**

However, should the Multidistrict Litigation panel send the case back to this Court, the Court is, as always, obligated to question its jurisdiction throughout the course of the litigation and will continue to do so in this case.

**IT IS SO ORDERED.**