*782 OPINION OF THE COURT
C. Raymond Radigan, J.
The question presented is whether the Surrogate’s Court of Nassau County has jurisdiction to grant limited letters of administration where the sole asset of the estate of a nondomiciliary decedent is a cause of action against the foreign State of Syria pursuant to the Foreign Sovereign Immunities Act (FSIA) of 1976 (28 USC § 1601 et seq., as amended).
On April 13, 1996, the decedent Ira Weinstein, a citizen of the United States residing in Israel, was allegedly killed in Jerusalem, Israel, as the result of a terrorist suicide bombing incident sponsored by the State of Syria. The sole asset of decedent’s estate is his claim against Syria pursuant to FSIA § 1605 (a) (7).
Federal and State courts lack subject matter jurisdiction to hear a claim against a foreign State unless the claim falls within one of the exceptions to foreign sovereign immunity granted under FSIA § 1605 (Republic of Argentina v Weltover, Inc., 504 US 607). In 1996, Congress created an additional exception to foreign sovereign immunity through the Anti-Terrorism and Effective Death Penalty Act of 1996 (28 USC § 1605, added by Pub L 104-132, § 221, 110 US Stat 1214 [AEDPA]; Alejandre v Republic of Cuba, 996 F Supp 1239). AEDPA amended the FSIA to provide jurisdiction in the courts of the United States, both Federal and State, to hear suits brought by United States citizens against foreign sovereigns that engage in acts of terrorism in certain circumstances (Alejandre v Republic of Cuba, supra, at 1247). The purpose of the amendments to the FSIA was to deter terrorist acts against United States citizens by foreign sovereigns and provide a forum for justice for victims of terrorist attacks (28 USC § 1605, added by Pub L 104-132, § 221, 110 US Stat 1214 [1996]).
Pursuant to the 1996 Amendments to the FSIA, foreign States are no longer immune from the jurisdiction of the United States courts in any case “in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing * * * or the provision of material support or resources * * * for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency” (28 USC § 1605 [a] [7]). Additional requirements under FSIA § 1605 (a) (7) include the following: (1) the foreign State being *783 sued must be designated by the United States as a State sponsor of terrorism at the time the terrorist event occurred or as a result of the event, under section 6 (j) of the Export Administration Act of 1979 (50 USC, Appendix § 2405 [j]); (2) the terrorist act must have occurred outside the territory of the foreign State; and (3) the claimants and the victims must have been United States nationals at the time the act occurred (see, 28 USC § 1605 [a] [7] [A], [B]; Alejandre v Republic of Cuba, supra, at 1248).
The petitioners have asserted a basis for jurisdiction in United States courts for their suit against Syria under FSIA § 1605 (a) (7). Decedent, Ira Weinstein, petitioner Susan Weinstein’s husband, was killed by a terrorist suicide bomber, which constitutes an extrajudicial killing under the Act (Flatow v Islamic Republic of Iran, 999 F Supp 1). The terrorist suicide bomber responsible for Mr. Weinstein’s death allegedly acted on orders from or on behalf of the government of Syria. The additional requirements under FSIA § 1605 (a) (7) (A) and (B) are also satisfied in that the State of Syria was a designated State sponsor of terrorism at the time of the bombing in 1996 (see, 22 CFR 126.1 [1996]). The terrorist act occurred in Jerusalem, Israel, outside the territory of Syria. Moreover, both the claimants, Susan Weinstein and Jeffrey A. Miller, and the victim, Ira Weinstein, were United States nationals (i.e., citizens of the United States) at the time of the incident (8 USC § 1101 [a] [22] [A]).
Jurisdiction is appropriate in State courts since Federal courts are not granted exclusive jurisdiction to hear suits brought under the FSIA (Elliott Assocs. v Republic of Panama, 1996 WL 474173, 1996 US Dist LEXIS 11973 [SD NY, Aug. 21, 1996]). “[T]he FSIA specifically provides for suits in the state or federal courts of the United States” (Tennessee Gas Pipeline Co. v Continental Cas. Co., 814 F Supp 1302, 1309). Since FSIA provides for jurisdiction in either the State or Federal courts for a claim brought pursuant to FSIA § 1605 (a) (7), a State court would have jurisdiction to hear claimants’ case against Syria.
Before the estate of decedent Ira Weinstein can commence its action against Syria in a State court, however, a representative of the decedent must be appointed. The case at bar does not fit within the jurisdictional guidelines set forth in SCPA 206 for the administration of the estate of a nondomiciliary decedent. SCPA 206 limits the jurisdiction of the Surrogate’s Court over the estate of a nondomiciliary decedent to cases where the decedent has a cause of action for wrongful death *784 against a domiciliary of the State of New York or left property in the State (SCPA 206). However none of these requirements are met. Nevertheless, Federal law was amended to provide a cause of action that subjects foreign sovereigns to suit in the Federal and State courts of the United States when a United States citizen is killed by an act of State-sponsored terrorism. Congress did not intend to limit jurisdiction for actions brought pursuant to FSIA § 1605 to any particular State, for to do so would limit the purpose of the Act in providing a forum in the United States courts for United States citizens who are injured or killed by an act of State-sponsored terrorism (Bankers Trust Co. v Worldwide Transp. Servs., 537 F Supp 1101). The entire United States is the proper forum for actions brought under the FSIA (Bankers Trust Co. v Worldwide Transp. Servs., supra, at 1109). State laws contain many statutes limiting their jurisdiction but those statutes and cases interpreting them are not controlling “for they are concerned more with federalism, and less with international relations, than was Congress in passing the FSIA.” (Texas Trading & Milling Corp. v Federal Republic of Nigeria, 647 F2d 300, 312.) The FSIA affects international relations and “in respect of our foreign relations generally, state lines disappear.” (United States v Belmont, 301 US 324, 331.)
Refusal by the Surrogate’s Court of Nassau County to exercise jurisdiction to administer the estate of Ira Weinstein would allow State law to undercut the objective of the exception to the FSIA in section 1605 (a) (7), which is to provide a forum for United States citizens to recover where personal injury or death was the result of the terrorist acts of a foreign sovereign (28 USC § 1605, added by Pub L 104-132, § 221, 110 US Stat 1214 [1996]). “Neither state nor local laws can be enforced in such [ways] as to ‘undercut’ the objectives of federal law.” (Chambers v Capital Cities/ABC, 851 F Supp 543, 546.)
Since the FSIA specifically provides for jurisdiction in any State or Federal court in the United States, there is no reason for the Surrogate’s Court of Nassau County to deny granting limited letters of administration to petitioners, Susan Weinstein and Jeffrey A. Miller, Esq., so that they may commence an action as personal representative of the estate of Ira Weinstein against the country of Syria and related parties pursuant to 28 USC § 1605 (a) (7). Limited letters of administration shall issue to Susan Weinstein and Jeffrey A. Miller, Esq.