**NORTHFIELD INSURANCE COMPANY, Plaintiff,**

v.

**ODOM INDUSTRIES, INC., Defendant.**

**No. Civ.A. 499CV155LN.**

United States District Court,
S.D. Mississippi,
Eastern Division.

Aug. 18, 2000.

Daniel J. Mulholland, Sheila M. Bossier, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, Robert W. Cockerham, Brown & James, P.C., St. Louis, MO, for plaintiff.

Robert A. Malouf, Attorney, Jackson, MS, Robert T. Higginbotham, Jr., James Wilbourn Vise, Massey & Higginbotham, P.A., Jackson, MS, Patrick Cash Malouf, Porter & Malouf, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

A number of motions have been filed by the parties in this cause, including two motions by defendant Odom industries, Inc. (Odom) to dismiss and a motion by Odom to supplement its first motion to dismiss, and a motion by plaintiff North-field Insurance Company (Northfield) to enjoin state court proceedings recently brought against it by Odom.[1] Having considered the parties' various motions, the court concludes that Odom's motions to dismiss, as well as its motion to supplement, should be denied, and that North-field's motion to enjoin should be denied.

This case involves a dispute over insurance coverage under a policy of insurance issued by plaintiff Northfield to defendant Odom in August 1998, with effective dates of July 29, 1998 to July 29, 2000. Odom, which is engaged in the business of contract chemical formulation, made a claim under the Northfield policy for losses which resulted when a certain herbicide mixed and packaged by Odom for one of its customers turned out to be defective, resulting in the swelling and eventual explosion of some of the drums in which the herbicide was packaged and necessitating the reformulation of the herbicide to salvage the herbicide and prevent further damage. Northfield denied coverage for Odom's claims, and on October 29, 1999, filed this suit for declaratory judgment in this court seeking an adjudication that the damages and losses claimed by Odom are not covered by Northfield's policy.

Northfield filed its motion to dismiss for lack of jurisdiction contending that Northfield is precluded from maintaining this action by Mississippi's "door-closing" statute, which provides, "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." Miss.Code.Ann. § 79-4-15.02; see also Cone Mills Corp. v. Hurdle, 369 F.Supp. 426 (N.D.Miss.1974) (recognizing that door-closing statute applies to actions in federal as well as state court in Mississippi). Odom submits that because Northfield is transacting business in Mississippi but is not a Mississippi corporation and does not possess a certificate of authority from the Secretary of State of Mississippi, then Northfield is precluded from bringing this action against Odom in any court in this state.

This court does not view the door closing statute as applicable to a foreign insurer such as Northfield, inasmuch as the qualification and licensing of insurers in

---

1. There is also pending a motion by North-field for summary judgment. The court does not address that motion herein, but will do so in a memorandum opinion to be soon forthcoming.

this state is regulated by and through the Mississippi Department of Insurance, not the office of the Secretary of State, *see* Miss.Code Ann. § 83–21–1, and since Northfield, though not licensed by the Insurance Commissioner to conduct business generally, has been specifically authorized by the Insurance Commissioner to sell insurance in Mississippi on a nonadmitted basis. That is, it is evidently undisputed that Northfield, while it possesses no insurance license from the Commissioner of Insurance, is certified by the Mississippi Department of Insurance as an eligible "nonadmitted insurer" under Miss.Code Ann. § 63–21–17, whose policies are specifically authorized to be sold in this state by duly licensed agents in specified circumstances, *see* Miss.Code Ann. § 83–21–19 *et seq.*[2] Especially given that Northfield has been statutorily authorized to transact business in this state through specially licensed agents in defined circumstances, the court concludes that the door closing statute applicable to corporations generally, does not apply to Northfield.[3] Accordingly, the court will deny Odom's first motion to dismiss.[4]

2. Miss.Code Ann. § 83–21–17 requires that the State Insurance Commissioner annually promulgate a list of nonadmitted insurers, each of which such insurers is mandated by the statute to

> meet the same requirements as to capital and surplus as is required of a company licensed to do business in the State of Mississippi and annually pay a filing fee of Five Hundred Dollars ($500.00) in order to be eligible for certification as a nonadmitted insurer.

The Insurance Commissioner is "specifically vested with authority to promulgate such rules and regulations as deemed necessary to carry out the provisions [relating to capital and surplus requirements] and to publish a list of nonadmitted insurers found eligible for writing business in the State of Mississippi," and to remove a nonadmitted insurer from the eligible list "when it appears that such insurer no longer meets the requirements of the statute or regulations of the commissioner." Miss.Code Ann. § 83–21–17.

Nonadmitted insurers may sell policies to insureds in this state through duly licensed agents, Miss.Code Ann. § 83–21–19 (authorizing Insurance Commissioner to issue privilege license to local agents to place coverage with nonadmitted insurers), although in accordance with Miss.Code Ann. § 83–21–23, such agents may procure coverage from nonadmitted insurers only if the insured "was unable, after diligent effort, to procure from any licensed company or companies the full amount of insurance required to protect the property, liability, or risk desired to be insured," and then may only procure from the nonadmitted insurer coverage for the amount of coverage needed that is excess over the amount procurable from licensed companies. *Id.* Under the law, any agent holding a privilege license for selling policies of nonadmitted insurers is subject to having his license revoked by the Insurance Commissioner if he places insurance with a nonadmitted insurer not on the list of eligible nonadmitted insurers. Miss.Code Ann. § 83–21–17.

3. The court's skepticism in this regard is buttressed by the fact that the legislature, in addition to Miss.Code Ann. § 79–4–15.02, has enacted another door closing statute applicable to unauthorized insurance companies selling fire insurance, *see* Miss.Code Ann. § 83–13–19 ("No action shall be maintained by any insurance company in any court in the state upon any policy or contract of fire insurance issued upon any property situated in the state by any company, association, partnership, individual, or individuals that have not been authorized to transact such insurance business in this state."). The existence of this statute applicable specifically and only to certain insurance companies tends to suggest that insurance companies are not, in fact, subject to Miss.Code Ann. § 79–4–15.02. And, the fact that this statute exists, but that no similar prohibition is found relative to nonadmitted insurers writing coverage in this state, is another circumstance which tends to indicate that Northfield is not precluded from maintaining an action in the courts of this state.

4. Even if the door closing statute does apply to Northfield, the court would not dismiss the case, first because the statute includes a number of specific exceptions, at least one of which—the exception for "interstate commerce"—appears to apply, *see Cornwall & Stevens Southeast, Inc. v. Stewart,* 887 F.Supp. 1490, 1493 (M.D.Ala.1995) (concluding that where affidavits showed, *inter alia,* that the plaintiff's business involved sale of insurance policies in many different states, the plaintiff's business fell within the interstate commerce exception to Alabama's door closing provisions), and second, because the statute grants the court authority to stay the action, rather

■ Odom's second motion to dismiss is premised on the following provision in its policy with Northfield:

It is agreed that in the event of our failure to pay any amount claimed to be due hereunder, we, at your request, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practices of such court.

Odom advises that this court is not the court of its choosing and that it chooses, instead, to litigate this matter in the Circuit Court of Wayne County, Mississippi, and that therefore, this court must dismiss this case pursuant to the quoted policy provision.[5]

In *International Insurance Co. v. McDermott*, 956 F.2d 93 (5th Cir.1992), the insurer brought a declaratory judgment action in federal court to determine if there was coverage for losses allegedly incurred by its insured. The insured then instituted its own action in state court, and sought dismissal of the federal suit based on a service of suit clause virtually identical to that contained in the Northfield policy. The question, then, was "whether [the service of suit] clause allows an insured to block, by a subsequent filing in state court, the insurer's otherwise valid federal action for declaratory judgment." *Id.* at 95. On this question, the insured contended, as does Odom in the case at bar, that the clause entitled it to choose the forum in which any dispute would be heard, while the insurer argued, as does

Northfield, that the clause "does not mean—and should not be read to mean—that the insurer may not bring a declaratory judgment action of its own against the insured, or that the insurer may only bring a declaratory judgment action in a forum chosen by the insured." *Id.* at 95. The Fifth Circuit found that the insurer had the better of the argument, and held that "the Service of Suit clause did not give the insured the right to prevent the insurer from bringing an action of its own, in a forum of the insurer's choosing, against the insured" but rather "allow[ed] the insured to choose which forum will hear *its* action and to allow[ed] the insurer to chose which forum will hear *its* action." [6] *Id.* at 96 ("[T]he Service of Suit clause itself speaks only to actions brought by the insured. Thus, when the action is first instituted by the insurer, the Service of Suit clause simply has no application.").

Although *McDermott* is squarely on point and would appear to resolve this issue, Odom submits that *McDermott* "is no longer authoritative," having been "subsequently effected" [sic] by *International Software Systems v. Amplicon*, 77 F.3d 112 (5th Cir.1996). The court, however, is unpersuaded that *Amplicon* has affected *McDermott*, at least in any way that is of consequence to its application to the case at bar. *Amplicon* did not involve a service of suit clause, as in *McDermott*, but rather a forum selection clause by which the parties had specifically agreed in their lease agreement that all litigation arising from the agreement would be filed and conducted in a particular state court—Orange County Superior Court in California—un-

than to dismiss, in order to allow the plaintiff to obtain the necessary certificate of authority. The court would allow Northfield to obtain a certificate of authority, if it considered it was necessary. But for the reasons stated, the court does not consider it a necessary prerequisite to Northfield's maintaining this action.

5. Since the time it filed this motion to dismiss, Odom has in fact filed its own lawsuit against Northfield in the Circuit Court of

Wayne County, following which it filed in this action a motion for leave to file supplement to motion to dismiss to advise of its state court lawsuit as a development which "may be worthy of consideration by this Court" in ruling on the pending motions to dismiss.

6. This was so, the court held, even though it realized that this construction of the clause "may in some cases lead to an unfortunate race to the courthouse." *McDermott*, 956 F.2d at 96.

less the lessor selected an alternative venue. Unlike the service of suit clause at issue here and in *McDermott*, the forum selection clause in *Amplicon* by its clear language foreclosed any choice of forum on the part of the lessee for its lawsuit against the lessor; it did not "allow[ ] the [lessee] to choose which forum will hear *its* action," as did the service of suit clause in *McDermott*, and instead only allowed the lessor to chose which forum will hear *its* action. *McDermott* thus controls the disposition of Odom's motion to dismiss, which will be denied.

■ In addition to Odom's motions to dismiss, Northfield has filed a motion to enjoin a parallel state court action brought against it by Odom in Wayne County Circuit Court, arguing that this relief is necessary in order to prevent the state court from interfering with this court's consideration and disposition of this case. In other words, it contends that an order enjoining Odom's state court litigation is necessary in aid of this court's jurisdiction. The federal Anti–Injunction Act prohibits a federal court from granting an injunction to stay proceedings in a state court "except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "These [three] statutory exceptions 'are narrow and are 'not [to] be enlarged by loose statutory construction,'" *Total Plan Servs., Inc. v. Texas Retailers Ass'n*, 925 F.2d 142, 144 (5th Cir.1991) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988)); and "'the prohibition [of section 2283] is not to be whittled away by judicial improvisation.'" *Id.* (quoting *Amalgamated Clothing Workers v. Richman Bros.*, 348 U.S. 511, 514, 75 S.Ct. 452, 454, 99 L.Ed. 600 (1955)).

■ The "in aid of jurisdiction" exception upon which Northfield purports to rely "is designed to 'prevent a state court from so interfering with a federal court's consideration or disposition of a case as to

seriously impair the federal court's flexibility and authority to decide that case.'" *Royal Ins. Co. of America v. Quinn–L Capital Corp.*, 960 F.2d 1286, 1299 (5th Cir.1992) (quoting *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970)). The court in *Royal Insurance* explained the exception, stating:

> In *Texas v. United States*, 837 F.2d 184, 186 n. 4 (5th Cir.), *cert. denied*, 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988), we noted the following:
>
>> In cases decided under [the "in aid of jurisdiction"] exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case. In no event may the "aid of jurisdiction" exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision.

*Id.* at 1299 (citing also *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 132 (5th Cir.1990), where the court, citing *Texas v. United States*, held that this exception only applies to in rem actions). As in *Royal Insurance*, the claims at issue in this case do not fit in either category described in *Texas v. United States*. "They obviously do not involve the district court's in rem jurisdiction, nor do they implicate any 'superintendence' jurisdiction on the district court's part." *Id.* Accordingly, and as the other two exceptions to the Anti–Injunction Act are likewise manifestly inapplicable, Northfield's motion to enjoin will be denied. *See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). ("[A]ny injunction against state court proceedings

... must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld.").

For the reasons given, it is ordered that Odom's motions to dismiss are denied, as is Northfield's motion to enjoin.