**HAMAKUA SUGAR COMPANY, INC., Plaintiff,**

v.

**The FIJI SUGAR CORPORATION, LTD., Defendant.**

**Civ. No. 91–00518ACK.**

United States District Court,
D. Hawaii.

Nov. 27, 1991.

504

Carlsmith Ball Wichman Murray Case Mukai & Ichiki, Paul H. Achitoff, Honolulu, Hawaii, for plaintiff.

Ashford & Wriston, Michael W. Gibson, Edwin M. Oyarzo, Kailua–Kona, Hawaii, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KAY, Chief Judge.

### FACTS

Plaintiff Hamakua Sugar Company, Inc. ("Hamakua") and Defendant Fiji Sugar Corporation, Ltd. ("FSC") entered into a Mill Equipment Sales Contract ("Contract") in April of 1989. Paragraph 18 of the Contract provides that

> In the event that Hamakua shall bring legal action against Fiji, Fiji hereby agrees to submit irrevocably to the jurisdiction of the Circuit Court of the Third Circuit of the State of Hawaii.

A dispute arose under the Contract, and Hamakua filed suit in State Court on August 13, 1991. On September 18, 1991, FSC removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and (d). Hamakua now seeks to have the action remanded to State Court, claiming that Paragraph 18 of the Contract is a forum selection provision that precludes removal to this Court.

### DISCUSSION

 The general rule regarding forum selection clauses is that they are to be given full force and effect unless the com-

plaining party can make a strong showing that enforcement would be unreasonable or unjust. *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (American and German companies agreed to litigate disputes arising from commercial contracts in London Court of Justice). For business or convenience reasons the parties may have bargained that litigation arising from their contract be resolved in a particular jurisdiction. Absent some evidence of fraud, undue influence or the like, the provision should be respected as the expressed intent of the parties. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir.1984) (affirming district court remand of case pursuant to contract language reading "Budco expressly agrees that any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other), ...").

In 1976 (four years after *Bremen*, 407 U.S. 1, 92 S.Ct. 1907), Congress enacted the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1602 *et seq.* FSIA provides an absolute right of removal to the federal courts by the foreign state.[1] 28 U.S.C. § 1441(d). The Sixth Circuit has held that although a foreign sovereign may waive this right to removal, waiver must be *clear and unequivocal. In re Delta America re Insurance Co.*, 900 F.2d 890, 893 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990). The contract language in *Delta* claimed by the plaintiffs to be a waiver stated, "jurisdiction to resolve contract disputes will lie in any court of competent jurisdiction within the United States." *Id.* at 891. Noting that the court could conceive of no reason why a foreign state would waive a right of removal, the Sixth Circuit found that the language at issue was not clear and unequivocal enough to waive the defendant foreign state's right of removal under § 1441(d).

1. A foreign state covered by FSIA is defined to include an agency or instrumentality of a foreign state, with three prerequisites to qualifying as an agency or instrumentality. §§ 1603(a), (b). FSC meets each of the three requirements, and is therefore entitled to the protections of FSIA: (1) FSC is a legal corporate entity separate from the government of the Republic of Fiji (Moosad Affidavit (Exh. 2 to Oyarzo Affidavit),

Paragraph 4, attached to D's Opp.). § 1603(b)(1); (2) The government of the Republic of Fiji owns 68.1% of the shares of FSC (Moosad Affidavit, Paragraph 5). § 1603(b)(2); (3) FSC is incorporated under the laws of the Republic of Fiji, and has its principal place of business in Fiji (Moosad Aff., Paragraphs 2, 3). § 1603(b)(3).

The Second Circuit, while not adopting a clear statement rule like the one adopted in *Delta,* expressed that forum selection clauses are to be interpreted differently when the FSIA is implicated than when the contract involves private parties. *Proyecfin de Venezuela v. Banco Industrial,* 760 F.2d 390, 396 (2d Cir.1985). The court noted that in enacting the FSIA, "Congress deliberately sought to channel cases against foreign sovereigns away from the state courts and into federal courts." *Id.* (quoting *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983)). However, the forum selection clause at issue in *Proyecfin* permitted jurisdiction in either the state or federal court in New York. The court found that such language could not be deemed an express or implied waiver of the right of removal.

 The parties have cited no Ninth Circuit authority dealing with forum selection clauses when the FSIA is implicated. However, when dealing with private parties, the Ninth Circuit has upheld forum selection clauses, finding that the intent of the parties was to litigate their disputes where specified in the contract. *See Pelleport,* 741 F.2d 273; *Lien Ho Hsing Steel Enterprise Co. v. Weihtag,* 738 F.2d 1455 (9th Cir.1984).

 It is not necessary for this Court to rule at this time whether or not there should be a clear statement rule in this jurisdiction. Even if this Court were to adopt a clear statement rule similar to the one adopted by the Sixth Circuit, the language at issue clearly waives FSC's removal rights. The contract specifies which state court will be the forum for litigating disputes. It does not say any state court, nor any court in Hawaii. It states that the parties will "submit irrevocably to the jurisdiction of the Circuit Court of the Third Circuit of the State of Hawaii." The word "irrevocably" indicates an intention by the parties that the action would not be moved or transferred anywhere, but would remain in the Third Circuit of the State of Hawaii. Therefore, the Court finds that FSC waived its right of removal.

 FSC next contends that the forum selection clause cannot be enforced because it is "unreasonable or unjust." FSC claims that because Hamakua is a major employer on the Island of Hawaii, where the Third Circuit Court for the State of Hawaii is located, and because there has been significant press coverage regarding Hamakua's financial difficulties, it will not be able to avoid bias and prejudice if the action is remanded. The Ninth Circuit has held that absent some evidence of fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive a party of a meaningful day in court, forum selection clauses will be respected as the expressed intent of the parties. *Pelleport,* 741 F.2d at 280 (citing *Bremen,* 407 U.S. at 12–19, 92 S.Ct. at 1914–18). FSC has not alleged any of those reasons for not enforcing the forum selection clause. Possible community bias or prejudice is not a reason sufficient to ignore the clear intent of the parties to litigate this matter in the Third Circuit state court.

IT IS SO ORDERED.