RABBI JACOB JOSEPH
SCHOOL, Plaintiff,

v.

The PROVINCE OF MENDOZA, the
Bank of New York and J.P. Morgan
Chase Bank, Defendants.

No. 04 CV 4511 ILG.

United States District Court,
E.D. New York.

Oct. 25, 2004.

Eli Feit, Heller, Horowitz & Feit, P.C., New York City, for Plaintiff.

Jonathan I. Blackman, Cleary, Gottlieb, Steen & Hamilton, New York City, for Defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

### *BACKGROUND*

Defendant, the Province of Mendoza (the "Province" or "Defendant"), one of the 24 provinces of the Republic of Argentina, removed this case from the Supreme Court of the State of New York, Richmond County, where it was originally filed on October 19, 2004. A temporary restraining order was issued by that court, *ex parte*, without notice for the application of that relief having been given or attempted to be given to the Defendant or its counsel. That order temporarily enjoined Defendant from, *inter alia*, declaring effective or otherwise consummating a restructuring of a bond offering (the "Exchange Offer") which was scheduled to close on October 21.

By letter application dated October 20, Defendant requested this Court to vacate the temporary restraining order and transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), where on October 12, 2004, that court issued a decision in *Greylock Global Opportunity Master Fund Ltd. and Greylock Global Distressed Debt Master Fund Ltd. v. Province of Mendoza*, 04 Civ. 7643, 2004 WL 2290900 (S.D.N.Y. Oct.12, 2004) (Baer, J.). In *Greylock*, the plaintiff sought the same relief sought here based upon the same facts and virtually identical claims advanced by Rabbi Jacob Joseph School ("RJJS" or the "Plaintiff") in this case. Judge Baer denied the plaintiff's application for a preliminary injunction in *Greylock* in a carefully reasoned opinion, familiarity with which is assumed.

In opposition to Defendant's requests, Plaintiff argued that this Court should remand this case to the state court pursuant to 28 U.S.C. § 1447(c) because Defendant waived its right to remove this case to federal court based on the forum selection clause in the indenture (the "Indenture") which governs the underlying bond offering. The forum selection clause states as follows:

> The Province hereby irrevocably submits to the non-exclusive jurisdiction of any New York State or United States federal court sitting in The City of New York, and any appellate court from any thereof and the Supreme Court of Argentina or any other Argentine federal court, in any action or proceeding aris-

ing out of or relating to this Indenture, and the Province hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such New York State or United States Federal Court and the Supreme Court of Argentina or any other Argentine federal court. The Province hereby irrevocably waives, to the fullest extent permitted by law, the defense of an inconvenient forum to the maintenance of such action or proceeding any right of jurisdiction in such action or proceeding and on account of the place of residence or domicile of the Province.

Indenture, § 9.7(b). In addition, Plaintiff contends that Defendant's transfer motion should be denied because the claims in *Greylock* and this case are substantially different, and Plaintiff's choice of forum should be given preference and therefore honored.

A hearing was held on October 21, 2004 on Defendant's requests and Plaintiff's opposition to them and at the conclusion thereof the temporary restraining order issued by the state court was vacated for the reasons that the harm allegedly to be suffered by the Plaintiff is compensable by money damages and for the additional reason that the temporary restraining order was improvidently granted. Upon Plaintiff's request, the Court received supplemental briefing from the parties on October 25 on the issue whether this case should be remanded to the state court. Against this background, this memorandum and opinion confirms the Court's decision to vacate the *ex parte* temporary restraining order. Further, for the reasons set forth below, the Court grants Defen-

dant's motion to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and denies Plaintiff's motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

### I. Motion to Vacate the Ex Parte State Court Temporary Restraining Order

■■■ The touchstone informing a determination of a motion for injunctive relief is a showing by the movant that absent its issuance, he will suffer irreparable harm. The other prerequisites for granting such relief, likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly toward the party requesting the relief, need not be reached because it "has always been true that irreparable injury means injury for which a monetary award cannot be adequate compensation." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979); *Sperry International Trade, Inc. v. Government of Israel*, 670 F.2d 8, 12 (2d Cir.1982). The Court is aware that even where a money award may be adequate, injunctive relief may be granted where, for example, the defendant "intended to frustrate any judgment on the merits" by "transferring its assets out of the jurisdiction," *In re Feit & Drexler*, 760 F.2d 406, 416 (2d Cir.1985) (citations and internal quotations omitted), or where the movant shows that the loss would force him into bankruptcy, *Sperry International Trade, supra*. Neither of those contingencies is applicable here where the potential harm is strictly financial and injunctive relief is thus not warranted.[1]

---

**1.** The Court disagrees with Plaintiff's counsel's assertion at the hearing that the Court's failure to continue the temporary restraining order would ultimately prevent Plaintiff from

collecting on a money judgment should it be successful on its claims that the Exchange Offer was invalid. As Judge Baer notes in his opinion, the "stated purpose of the Exchange

Further, the case having been removed to this Court from the state court, federal law is applied as though the action was originally commenced here. 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3738. The temporary restraining order that was issued without notice to the attorney for the Defendant whose identity was known, without declaring in an affidavit or verified complaint that immediate and irreparable harm would result before the adverse party or his attorney could be heard in opposition, was plainly in violation of Fed. R.Civ.P. 65(b), and the temporary restraining order was vacated for the additional reason that it was improperly issued. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (it is only on rare occasions that an *ex parte* temporary restraining order is proper and then such orders "should be limited to preserving the status quo only for so long as is necessary to hold a hearing"); *North Dakota v. United States Army Corps of Engineers,* 264 F.Supp.2d 871, 878–79 (D.N.D.2003) (vacating *ex parte* state court temporary restraining order following removal).[2]

Offer was to enhance the likelihood of repayment of the principal by replacing a one time, 'bullet payment,' in 2007, with amortizing payments over time." *Greylock,* 2004 WL 2290900, at *1. Therefore, assuming that this is the stated purpose for the Exchange Offer (which Plaintiff does not dispute), the non-consenting bondholders, including Plaintiff, would be more likely, and not less likely, to collect on a money judgment against the Province if it ultimately prevails in this action because the Exchange Offer is intended to preserve the financial liquidity of the Province. *See generally* § 4.6 of the Indenture (stating that Plaintiff retains the right to "receive payment of the principal of and interest on ... its Bond on the stated maturity expressed in such Bond and to institute suit for the enforcement of any such payment").

2. Although the issue was not raised by Plaintiff either in its correspondence with the Court or at the hearing, I find that I am not under any obligation to give full faith and credit to the state court's *ex parte* temporary restraining order. Under the Full Faith and Credit Clause of the Constitution, U.S. Const. Art. IV, § 1, and its implementing statute, 28 U.S.C. § 1738, a "federal court must give the same preclusive effect to a state court judgment as another court of that state would give." *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). Under New York law, "[t]he granting or refusal of a temporary injunction does not constitute ... an adjudication on the merits, and the issues must be tried to the same extent as though no temporary injunction had been applied for." *Walk-er Memorial Baptist Church v. Saunders,* 285 N.Y. 462, 474, 35 N.E.2d 42 (1941); *Goodheart Clothing Co., Inc. v. Laura Goodman Enter., Inc.,* 962 F.2d 268, 274 (2d Cir.1992) ("A preliminary determination of likelihood of success on the merits in a ruling on a motion for preliminary injunction is ordinarily tentative"). Therefore, since a New York state court would not be required to give preclusive effect to the temporary restraining order, this Court also does not need to do so. This is consistent with the general rule that non-final orders or judgments are not entitled to full faith and credit. *Aiello v. City of Wilmington,* 470 F.Supp. 414, 419 (D.Del.1979), *aff'd,* 623 F.2d 845 (3d Cir.1980); *McDougald v. Jenson,* 596 F.Supp. 680, 685 (N.D.Fla.1984) ("Thus, full faith and credit cannot readily be applied to custody decrees because federal courts may only enforce final state decrees that are no longer subject to modification, and the general rule is that such decrees are not subject to full faith and credit"), (citing *e.g., Sistare v. Sistare,* 218 U.S. 1, 16–17, 30 S.Ct. 682, 54 L.Ed. 905 (1940)), *aff'd* 786 F.2d 1465 (11th Cir.1986), *cert. denied,* 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986); *see generally* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4432. *Cf. Lummus Co. v. Commonwealth Oil Ref. Co.,* 297 F.2d 80, 89 (2d Cir.1961), *cert. denied,* 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962) (whether a judgment that was nonfinal under 28 U.S.C. § 1291 might nonetheless be considered final for purposes of preclusion "turns upon such factors as the nature of the decision (*i.e.,* that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review").

## II. Plaintiff's Motion to Remand This Case to the State Court Pursuant to 28 U.S.C. § 1447(c)

■ Plaintiff argues that pursuant to 28 U.S.C. § 1447(c), the Court should remand this case to the state court because the Province waived its right to remove this case to federal court in the forum selection clause in the Indenture.[3] However, it is well established in this Circuit that waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal. *See, e.g., Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir.1988) (clause providing that no action shall be commenced "except in the Supreme Court of the State of New York" operated as a waiver); *Refco, Inc. v. Galadari*, 755 F.Supp. 79, 84 (S.D.N.Y.1991). For example, in *Elliott Associates, LP v. Republic of Panama*, 1996 WL 474173, at *1 (S.D.N.Y. Aug. 21, 1996), the loan agreement stated that the borrower "irrevocably waives any right it may now or hereafter have to remove to a United States federal court any action brought hereunder or under the Notes in a state court of the State of New York." Based on this explicit language, the court held that the foreign government waived its right to remove the state court action to federal court.

■ Consistent with the holding in *Elliott Associates, LP*, courts in this Circuit have generally found a waiver of the right to remove a case to federal court only if the forum selection clause contains explicit language evidencing waiver or "where the forum selection clause identifies a particular court in which disputes will be heard."

*Unity Creations, Inc. v. Trafcon Indus., Inc.*, 137 F.Supp.2d 108, 110 (E.D.N.Y. 2001); *see also Hamakua Sugar Co. v. The Fiji Sugar Corp.*, 778 F.Supp. 503, 504–05 (D.Haw.1991) (finding that foreign sovereign waived right to removal where contract "states that the parties will submit irrevocably to the jurisdiction of the Circuit Court of the Third Circuit of the State of Hawaii"); *see generally Fabe v. Aneco Reinsurance Underwriting Ltd.*, 784 F.Supp. 448, 451 (S.D.Ohio 1991) (no waiver found and holding that "[a]bsent a valid, explicit waiver, a foreign state enjoys and absolute right of removal of a case to federal court"); *In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1243 (3d Cir.1994) ("it would contravene strong public policy to permit a less than absolutely unequivocal contractual provision to divest a federal district court of FSIA subject matter jurisdiction"), *cert. denied*, 513 U.S. 915, 115 S.Ct. 291, 130 L.Ed.2d 206 (1994). Here, the clear language of the forum selection clause in the Indenture does not contain any reference to removal, and thus the Court concludes that the Province did not make a "clear and unequivocal waiver" of its right to remove this case to federal court. Indeed, the forum selection clause indicates that the Province did not even agree to submit a dispute concerning the Indenture to any particular court. *See* § 9.7(b) of the Indenture (the Province "irrevocably submits to the *non-exclusive* jurisdiction" of certain courts in the United States and Argentina and claims arising out of the Indenture "may be heard" by such tribunals) (emphasis added).[4]

---

3. 28 U.S.C. § 1447(c) states that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

4. Plaintiff's reliance on the language in the forum selection clause that the Province "irrevocably waives ... the defense of an inconvenient forum" is not relevant here because the Province does not seek relief based upon the discretionary doctrine of *forum non conve-*

Courts are particularly hesitant to find waiver of the right to removal where one of the parties is a foreign entity, such as the Province.[5] This conclusion is supported by the Second Circuit's leading case on this issue, *Proyecfin De Venezuela, S.A. v. Banco Industrial De Venezuela, S.A.,* 760 F.2d 390 (2d Cir.1985) (*"Proyecfin"*). In *Proyecfin*, the forum selection clause stated that any action "may be brought" in certain specified foreign courts, or state or federal courts in the United States. The Second Circuit held that a "forum selection clause that merely puts jurisdiction in either a federal or state court does not constitute an express or implied waiver of the sovereign's right to remove under § 1441(d)." *Proyecfin*, 760 F.2d at 397. The Second Circuit's holding is supported by the FSIA which Congress passed "to channel cases against foreign sovereigns away from the state courts and into federal courts." *Id.* at 396. Here, as noted above, the forum selection clause simply provides that a party suing under the Indenture "may" bring the action in certain specified foreign and United States courts, and that such jurisdiction is non-exclusive. As such, *Proyecfin* compels the conclusion that the Province did not waive its right to remove the state action to federal court. *See also Delta America Re Ins. Co. v. National Distillers & Chem. Corp.,* 900 F.2d 890, 894 (6th Cir.1990) (in cases involving foreign states, contractual language must be "explicit" and provide that if "a state court is selected as a forum, no right of removal attaches" because "[t]here is no reason why courts should have to wrestle with these interpretative questions

when the contracting parties can easily deal with the problems themselves").

Plaintiff relies principally on *Tennessee Gas Pipeline Co. v. Continental Casualty Co.,* 814 F.Supp. 1302 (M.D.La.1993), to support its position on remand. In that case, the court held the waiver of removal rights was "clear and unequivocal" under the FSIA even though the forum selection clause—a so-called "service of suit clause" standard in the reinsurance industry—simply required the reinsurer to "submit to the jurisdiction of any Court of competent jurisdiction," but did not specifically reference removal. *Tennessee Gas Pipeline Co.,* 814 F.Supp. at 1308–10. The Court believes, however, that *Tennessee Gas Pipeline Co.* is inapposite here for at least two reasons. First, the *Tennessee Gas Pipeline Co.* decision predicated its holding on another district court case from Louisiana, *Capital Bank & Trust Co. v. Associated Int'l Ins. Co.,* 576 F.Supp. 1522 (M.D.La.1984), which the Second Circuit in *Proyecfin* rejected. *Proyecfin*, 760 F.2d at 396 (citing *Capital Bank & Trust Co.* and dismissing argument that a forum selection clause which permits jurisdiction in either federal or state court constitutes an express waiver of the right to remove).

Second, the forum selection clause in *Tennessee Gas Pipeline Co.* was a so-called "service of suit clause" common in the reinsurance industry. Courts have long held that this clause, in addition to being a forum selection provision, waives the reinsurer's privilege of removing a state court action to federal court. *See, e.g., General Phoenix Corp. v. Malyon,* 88

*niens* but exercises its right to remove the case *to federal court under § 1441(d).*

**5.** The Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 ("FSIA"), enacted in 1976, provides the sole and exclusive standards to be used in resolving questions of sovereign immunity raised by foreign states

before Federal and State courts in the United States. *See also* 28 U.S.C. § 1602 ("Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter").

F.Supp. 502, 503 (S.D.N.Y.1949); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069, 1073–74 (S.D.N.Y.1971); *Cessna Aircraft Co. v. Fidelity & Casualty Co.*, 616 F.Supp. 671, 674–75 (D.N.J.1985). The "purpose of the service of suit clause is to allow a dissatisfied policy holder to compel the insurer to submit to the forum of the insured's choice to recover proceeds under the policy." *Capital Bank & Trust Co.*, 576 F.Supp. at 1524–25. *Tennessee Gas Pipeline Co.*, and the others cited, involving as they all seem to do—insurance—also make the point, frequently cited in these cases, that insurance contracts will be construed most strongly against the insurer, by whom insurance contracts are drafted. As such, *Tennessee Gas Pipeline Co.* is inapplicable here.

For the foregoing reasons, the Court denies Plaintiff's motion to remand this case to the Supreme Court of the State of New York, Richmond County.

### III. Transfer of Venue Under 28 U.S.C. § 1404(a)

■ The change of venue statute, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer venue, courts examine (1) whether the action could have been brought in the proposed transferee forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice. *Citicorp Leasing, Inc. v. United American Funding, Inc.*, 2004 WL 102761, at * 2 (S.D.N.Y. Jan. 21, 2004) (citing *Clarendon Nat'l Ins. Co. v. Pascual*, 2000 WL 270862, at * 2

(S.D.N.Y. Mar.13, 2000)). Because this case could have been filed in the Southern District of New York, transfer depends on the convenience and interest of justice.[6]

In making this determination, the Court has "considerable discretion in adjudicating a motion for transfer according to an individualized, case-by-case consideration of convenience and fairness." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992). While the Court recognizes that a plaintiff's choice of forum is usually given some deference, this is not the case here where, as discussed above, Defendant had a right to remove this case to federal court and Plaintiff has no enforceable right to remand this case to the state court. Thus, here, the only factor relevant to the section 1404(a) analysis is judicial economy.

■ With respect to "judicial economy," the Supreme Court has held that "interest of justice" encompasses the private and public economy of avoiding multiple cases on the same issues. *See Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) ("to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent"). Therefore, courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative. *See, e.g., Citicorp Leasing, Inc.*, 2004 WL 102761, at * 6 ("The judicial economy factor is a separate component of the court's section 1404(a) transfer analysis and may be determinative in a

---

**6.** Under 28 U.S.C. § 1391(d), "an alien may be sued in any district." Accordingly, since the Province is an alien, RJJS could have sued the Province in the Southern District of New York, the transferee district.

particular case") (citing and quoting *Tucker Anthony, Inc. v. Bankers Trust Co.,* 1994 WL 9683, at *8 (S.D.N.Y. Jan. 10, 1994)); *Dow Jones & Co., Inc. v. Board of Trade of Chicago,* 539 F.Supp. 190, 192 (S.D.N.Y.1982); *Designs by Glory, Ltd. v. Manhattan Creative Jewelers, Inc.,* 657 F.Supp. 1257, 1259 (S.D.N.Y.1987) (interest of justice factors include "the practical problems indicating where the case can be tried more expeditiously and inexpensively") (citation omitted).

■■■ Exercising the Court's discretion, I find that judicial economy is the only factor relevant to the 1404(a) transfer issue. The legal issues that RJJS presents to this Court appear to be virtually identical to those that Judge Baer has already considered and decided in the context of a motion filed under Fed.R.Civ.P. 65 for injunctive relief. Denial of transfer would result in duplicative actions in which two federal judges would preside over the same basic claim, wasting judicial resources, requiring the parties to unnecessarily expend more time and expense, and risking potentially inconsistent results. This is clearly not desirable here. *See also Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952) (the test is "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation"); *cf. Warrick v. General Elec. Co.,* 70 F.3d 736, 740 (2d Cir.1995) (reversing grant of section 1404(a) transfer motion where district court relied solely on the factor of judicial economy and did not consider other factors).

All of the other non-inclusive factors that courts should consider in determining whether to grant a transfer motion under 28 U.S.C. § 1404(a) are of no moment here. Specifically, whether this case is venued in the Southern District of New York or Eastern District of New York does not affect (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) cost of obtaining the presence of witnesses; (5) relative ease of access to sources of proof; (6) calendar congestion; or (7) where the events in issue took place. *See generally Ayala–Branch v. Tad Telecom, Inc.,* 197 F.Supp.2d 13, 15 (S.D.N.Y.2002); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure §§ 3847–3854 (2d ed.1986). Indeed, these factors do not appear to be relevant here because the issues which RJJS asks this Court to decide are purely legal in nature and thus require little, if any, fact discovery.

For the foregoing reasons, Defendant's motion to transfer venue to the Southern District of New York under 28 U.S.C. § 1404(a) is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue of this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) is granted and Plaintiff's motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c) is denied. The Clerk of Court is accordingly directed to transfer the case file to the United States District Court for the Southern District of New York to the attention of the Honorable Judge Baer.

SO ORDERED.