**Mohammed M. AHMED, Plaintiff,**

v.

**T.J. MAXX CORP., and The TJX Companies, Inc., Defendants.**

**No. 10–CV–3609 (ADS)(ETB).**

United States District Court, E.D. New York.

April 11, 2011.

Valli Kane & Vagnini LLP, by James Aldo Vagnini, Esq., Jesse Curtis Rose, Esq., Robert John Valli, Jr., Esq., Of Counsel Garden City, NY, for the Plaintiff.

Littler Mendelson, P.C., Melville, NY, by John Thomas Bauer, Esq., Justin Robert Marino, Esq., Lisa Marie Griffith, Esq., Minneapolis, MN, by Andrew Voss, Esq., Atlanta, GA, by Lisa Schreter, Esq., Of Counsel, for the Defendants.

## MEMORANDUM OF DECISION AND ORDER

ARTHUR D. SPATT, District Judge.

Plaintiff Mohammed M. Ahmed ("Ahmed" or "the Plaintiff") brings this wage and hour action as a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and as a putative class action under Federal Rule of Civil Procedure 23 ("Rule 23") for violations of the New York Labor Law ("N.Y. Labor Law"). In addition, the Plaintiff asserts an individual claim under the FLSA and the N.Y. Labor Law alleging he was fired in retaliation for contesting the failure to provide overtime compensation. Presently before the Court is a motion by defendant The TJX Companies, Inc. ("TJX" or "the Defendant") pursuant to 28 U.S.C. § 1404(a) ("Section 1404"), to transfer venue of this action to the Southern District of New York, where two allegedly related cases, *Archibald v. Marshalls of MA, Inc., et al.,* No. 09–CV–2323 ("the *Archibald* action") and *Guillen v. Marshalls of MA, Inc., et al.,* No. 09–CV9575

("the *Guillen* action" and together with the *Archibald* action "the SDNY actions"), are currently pending before the Honorable Loretta A. Preska, Chief United States District Judge and United States Magistrate Judge Gabriel W. Gorenstein. Based on the Court's consideration of the relevant Section 1404 factors, the Defendant's motion is denied.

## I. BACKGROUND

### A. The Instant Action

On August 3, 2010, plaintiff Mohammed Ahmed commenced the instant action, naming as defendants T.J. Maxx Corp., and The TJX Companies, Inc. As an initial matter, according to TJX, "T.J. Maxx" does not exist as a separate corporate entity, but rather TJX "conducts a retail business under the registered trademark, 'T.J. Maxx.'" (Declaration of John T. Bauer ("Bauer Decl.") ¶ 1.) Because the existence of "T.J. Maxx Corp." as a defendant does not impact the Court's analysis on the instant motion, and because TJX is the moving party, all references to "the Defendant" will refer only to TJX.

The relevant facts as stated in the complaint, motion papers, and the Bauer declaration are as follows. Ahmed is a New York resident and defendant TJX is a Massachusetts corporation licensed to do business in the state of New York. In or around October 17, 2008, Ahmed began working as an Assistant Manager at a T.J. Maxx store located in Oceanside, New York. T.J. Maxx is an operating subsidiary of TJX. As an Assistant Manager, Ahmed contends that TJX considered him exempt from the overtime compensation requirements of the FLSA and the N.Y. Labor Law that require employers to pay nonexempt employees time and half for every hour worked over forty hours per week. As a result of this classification, Ahmed

was never compensated for working in excess of 40 hours per week.

From the onset of his employment, Ahmed asserts that he was scheduled to work fifty hours per week, and was often required to work sixty to seventy hours per week. Despite his title as an Assistant Manager, Ahmed claims to have spent the majority of his time performing work regularly required of hourly employees, including cleaning the store and the bathrooms, unloading delivery trucks, stocking shelves, and running the cash register. Accordingly, Ahmed believed he was entitled to receive overtime compensation under the law.

At one point Ahmed asserts that he requested that the store manager reduce his hours and further claims that on multiple occasions he asked the store manager to pay him overtime wages. According to Ahmed, the store manager refused to reduce his hours or provide him with overtime compensation, and shortly after Ahmed complained about not receiving overtime compensation, Ahmed was "written up" without any basis or explanation. (Compl., ¶ 38.) Shortly after the first write up, Ahmed received two additional write ups, that Ahmed contends were "fabricated" and states that he was "not even responsible for the deficiencies of which he was accused." (Compl. ¶ 39.) Ultimately, in or about July 4, 2010, the store manager terminated Ahmed, allegedly in retaliation for his opposition to the unlawful labor practices.

Subsequently, Ahmed commenced the instant action asserting two potential group causes of action for overtime compensation and an individual action for retaliation. With respect to the potential group causes of action, Ahmed alleges that T.J. Maxx, and TJX, to the extent TJX is responsible for the policies implemented at T.J. Maxx, had a policy of "requiring Assistant Managers to perform the duties of

hourly employees without proper compensation of overtime" as required by New York State Law and the FLSA. (Compl. ¶¶ 9, 21.) Accordingly, on behalf of himself and all Assistant Managers working for T.J. Maxx and TJX who were subject to this policy within the relevant statutory time periods, Ahmed seeks to bring: (1) a statewide class action pursuant to Rule 23 for the state law violations; and (2) a nationwide collective action for the FLSA violations.

Finally, Ahmed also asserts an individual cause of action under the FLSA and N.Y. Labor Law, alleging that he was terminated in retaliation for complaining about the Defendant's failure to comply with the FLSA and N.Y. Labor Law overtime compensation requirements.

### B. Southern District of New York Actions

The Defendant's motion to transfer venue is premised on two allegedly related actions currently pending before Judge Preska in the Southern District of New York, the *Archibald* action and the *Guillen* action. The relevant facts of these two actions are as follows.

On March 12, 2009, Nicole Archibald and Ellen Ogaian ("the *Archibald* Plaintiffs"), both of whom were Assistant Managers at Marshalls' retail stores in New York, commenced the *Archibald* action on behalf of themselves and others similarly situated as a class action under Rule 23 for violations of the overtime compensation provisions of the N.Y. Labor Law. Subsequently, on November 18, 2009, Martin Guillen ("the *Guillen* Plaintiff" and together with the *Archibald* Plaintiffs "the SDNY action Plaintiffs"), also a former Assistant Manager at a Marshalls' retail store in New York, commenced the *Guillen* action on behalf of himself and others similarly situated as a collective action for

violations of the overtime compensation provisions of the FLSA. Both of the SDNY actions named as defendants three entities that allegedly own and operate the Marshalls retail stores, namely, TJX, Marshalls of MA, Inc. ("Marshalls of MA"), and Marmaxx Operating Corporation, d/b/a Marmaxx Group ("Marmaxx" and together with TJX and Marshalls of MA "the Marshalls Defendants").

In particular, the SDNY action Plaintiffs alleged that, despite the title, the job responsibilities of Assistant Managers at Marshalls retail stores were primarily non-managerial, and therefore the Marshalls Defendants misclassified the Marshalls' Assistant Managers as exempt from the N.Y. Labor Law and FLSA overtime compensation requirements. The main difference between the *Archibald* action and the *Guillen* action is that one is brought under state law and the other under the FLSA, and the potential classes are limited by the state law and FLSA statutes of limitations. Based on these similarities, on December 11, 2009, the *Guillen* Plaintiff filed a Notice of Related Case under Local Rule 1.6. On February 25, 2010, the court in the Southern District of New York accepted the cases as related and reassigned the *Guillen* action to the judges presiding over the previously filed *Archibald* action, Judge Preska and Magistrate Judge Gorenstein.

### C. The Instant Motion to Transfer Venue

The Defendant contends that because the instant case and the SDNY actions both assert that TJX, is in part, if not completely, responsible for the allegedly illegal policy that denies overtime compensation to T.J. Maxx and Marshalls Assistant Managers, the Defendant argues that it is in the interest of justice and judicial economy for all three of the cases to be tried before the same judge. Thus, because the *Archibald* action and the *Guillen* ac-

tion are already before Judge Preska and Magistrate Judge Gorenstein, the Defendant seeks to have the instant case transferred to the Southern District of New York where the Defendant presumes it will be marked as a related case.

For his part, the Plaintiff alleges that the Court should give deference to his choice of forum, and that interests of justice and judicial economy will not be furthered by transferring the instant case because the SDNY action Plaintiffs worked at Marshalls, not T.J. Maxx, and whether the policies implemented at Marshalls and T.J. Maxx violated state and federal overtime wage laws are separate and distinct inquiries. Furthermore, the Plaintiff contends that transfer is improper in light of his individual retaliation claim, which is properly venued in the Eastern District and unrelated to any issue in the SDNY actions.

## II. DISCUSSION

The Defendant's motion is made pursuant to 28 U.S.C. § 1404(a), which provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In considering whether to grant a venue transfer, courts engage in a two-part test. The first question is whether the action "might have been brought" in the proposed transferee forum. Second, the Court must determine whether the transfer promotes convenience and justice. *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 327 (E.D.N.Y.2006) (Spatt, J.) (citing *Schertenleib v. Traum*, 589 F.2d 1156, 1161 (2d Cir.1978) and *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F.Supp.2d 433, 436 (S.D.N.Y.2000)). The parties do not dispute that this action could have been

brought in the Southern District of New York. Thus, the sole inquiry before the Court with respect to this motion is whether convenience and the interests of justice support the transfer.

"The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989); *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 921 (2d Cir. 2010). The movant in a motion to transfer pursuant to Section 1404(a) bears the burden of establishing the propriety of transfer by clear and convincing evidence. *See New York Marine and Gen. Ins. Co. v. Lafarge N.A., Inc.*, 599 F.3d 102, 114 (2d Cir.2010) ("It is therefore appropriate that the district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion."). The criteria that courts utilize to determine whether to transfer an action under Section 1404 include consideration of the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; and (9) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006); *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F.Supp. 712, 720 (E.D.N.Y. 1996). No single factor is determinative, *see Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F.Supp.2d 246, 250 (E.D.N.Y.

2010), and, ultimately, "[t]he Court has broad discretion in balancing these factors." *Neil Bros. Ltd.*, 425 F.Supp.2d at 328 (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992)).

As a preliminary matter, where a party is requesting a transfer between the Eastern and Southern Districts of New York, most courts ordinarily find, and this Court agrees, that due to the close proximity of the courts in each district, the following factors are relatively neutral with regard to transfer:

(1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) cost of obtaining the presence of witnesses; (5) relative ease of access to sources of proof; (6) calendar congestion; or (7) where the events in issue took place.

*Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F.Supp.2d 124, 131 (E.D.N.Y.2004); *see also Hershman v. UnumProvident Corp.*, 658 F.Supp.2d 598, 602–03 (S.D.N.Y.2009) ("There is also no significant difference between the docket conditions of the Southern District and the Eastern District that might lead to a more expeditious resolution of the dispute in one venue or another and justify a transfer on efficiency grounds."); *Williams v. City of New York*, No. 03–CV–5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("Given the proximity of the courts in the Southern and Eastern Districts of New York, the aforementioned factors do not pose an obstacle to transferring this action to the Eastern District."). In addition, whether this case is before the Southern or Eastern District will not affect the applicable substantive law, and neither party contends that their relative means is relevant to the Court's determination. Thus, the two principle issues this Court must resolve in ruling on the Defendant's mo-

tion are: (1) how much deference to give the Plaintiff's choice of forum and (2) how to weigh the interest of justice.

However, before addressing these issues, the Court notes that in the context of arguing the merits of its motion, the Defendant completely disregarded the existence of the Plaintiff's individual claim for retaliation. Significantly, Section 1404 authorizes transfer "only of the entire action and not of individual claims." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir.1968). By failing to even address whether transfer would be appropriate with respect to the Plaintiff's individual claim, the Defendant has not met its burden of establishing the propriety of transfer by clear and convincing evidence. The Court could *sua sponte* determine whether it would be appropriate to sever the Plaintiff's individual claim from the class and collective action claims for the purposes of transfer. *See Wyndham*, 398 F.2d at 618 (holding that in cases "where the administration of justice would be materially advanced by severance and transfer" a court may sever the claims for the purpose of permitting the transfer). However, because the Court finds that the administration of justice would not be materially advanced by transferring the Plaintiff's class action and collective action claims to the Southern District of New York, it is unnecessary to make such a determination. Accordingly, the below discussion only addresses the merits of the Defendant's motion to transfer with regard to the Plaintiff's class action and collective action claims for overtime compensation.

## A. Whether the Plaintiff is Entitled to a Strong Presumption in Favor of his Choice of Forum

■ There is a strong presumption that a plaintiff has a right to choose his forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The Plaintiff contends that be-

cause he lives in the Eastern District, and he was denied overtime compensation while working at a T.J. Maxx in the Eastern District, the Defendant cannot overcome this strong presumption in favor of his chosen forum, the Eastern District. The Defendant argues that the Plaintiff's choice of forum is not entitled to substantial deference because the Plaintiff brings his overtime compensation claims on behalf of two putative classes of individuals, and therefore the residence, store location, and forum choice of one plaintiff carries significantly less weight. The Court agrees.

■ Although the plaintiff's choice of venue is usually given significant weight in the transfer analysis, *see Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001), one recognized exception to this general rule is available in cases where a plaintiff brings an action on behalf of himself and a putative class. In that case, "the plaintiff's choice of forum is a less significant consideration ... than in an individual action." *Warrick v. GE Co.*, 70 F.3d 736, 741 n. 7 (2d Cir.1995); *cf. Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) ("[W]here there are hundreds of potential plaintiffs ..., the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened") (applying the analogous common law doctrine of *forum non conveniens* to shareholder derivative suit). Court's in this district have also applied this principle to putative collective actions under the FLSA. *See Farrior v. George Weston Bakeries Distribution, Inc.*, 2009 WL 113774, at *3 n. 3 (E.D.N.Y. Jan. 15, 2009) (collecting cases).

■ The rationale for this exception is that in a class action "there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the

class's claim." *Eichenholtz v. Brennan*, 677 F.Supp. 198, 202 (S.D.N.Y.1988) (citing *Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). Accordingly, because the Plaintiff's overtime compensation claims are brought on behalf of himself, a putative statewide class, and a putative nationwide class, the Plaintiff is not entitled to the strong presumption in favor of his choice of forum.

Similarly, courts generally accord less deference to a plaintiff's choice of forum when the forum does not have a strong connection with the locus of operative facts. *See Kai Wu Lu v. Tong Zheng Lu*, No. 04–CV–1097, 2007 WL 2693845, *6 (E.D.N.Y. Sept. 12, 2007). In the context of the Plaintiff's class and collective action claims, while there is no strong connection between the operative facts and this district, neither is there a compellingly strong connection between the facts and the Southern District. The alleged operative facts in this case relate to a common policy to deny Assistant Managers overtime compensation at T.J. Maxx stores nationwide. Thus, while the Court affords less deference to the Plaintiff's choice of forum because it is not the primary locus of the operative events, or primary residence of the putative class members, in view of the widespread nature of this case, this factor also does not weigh strongly in favor of transferring the case to another venue. Thus, insofar as all of the convenience factors are neutral, the Court's decision ultimately rests on whether the Defendant has met its burden of establishing by clear and convincing evidence that the interests of justice and judicial economy warrant transfer.

**B. Whether Transfer Would Promote the Interests of Justice and Judicial Economy**

"The interest of justice is a separate component of the Court's § 1404(a) trans-

fer analysis, and may be determinative in a particular case." *Tucker Anthony, Inc. v. Bankers Trust Co.*, No. 93–CV–0257, 1994 WL 9683, at *8 (S.D.N.Y. Jan. 10, 1994) (citations and internal quotations omitted); *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F.Supp.2d 228, 235 (S.D.N.Y.2003) ("Concerns over judicial efficiency outweigh all other factors in this case, and are dispositive of the issue."). Ultimately, the Court's "discretionary analysis is guided by its determination [of] whether consolidation of the cases would promote judicial efficiency and avoid inconsistent results." *Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA*, 720 F.Supp.2d 213, 219 n. 4 (E.D.N.Y.2010).

Here, the Defendant primarily argues that transfer is appropriate because, given the similarity between the instant action and the SDNY actions, transferring the instant action to the Southern District would conserve judicial resources and the resources of the parties. In addition, the Defendant claims that this case could be resolved more efficiently if transferred to the Southern District because Judge Preska and Magistrate Judge Gorenstein have developed a familiarity with the common facts and legal issues.

The Defendant correctly notes that when deciding whether to transfer a case based on the conservation of judicial resources, "courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative." *Williams v. City of New York*, No. 03–CV–5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006); *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F.Supp.2d 124, 130 (E.D.N.Y.2004) (same). As the Second Circuit held in *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir.1968), "[t]here is a strong policy favoring the

litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *See also Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) ("We have made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'") (quoting *Continental Grain Co. v. The FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)).

The Defendant argues that transfer is warranted because the instant case and the SDNY actions are against the same defendant—TJX—for the same claim-that TJX or an operating subsidiary misclassified Assistant Managers and therefore are liable for failure to pay the Assistant Managers overtime compensation. However, as previously stated, the Defendant's assertion that the instant case and the SDNY actions involve the same claim fails to acknowledge the existence of the Plaintiff's individual claim for retaliation, which is based in the Eastern District and lacks any overlapping issues with the SDNY actions. Moreover, significantly in the Court's view, the Plaintiff disputes the Defendant's assertion that his case and the SDNY actions are against the same defendant. In particular, the Plaintiff asserts that, despite their common ownership, Marshalls and T.J. Maxx are operated as two separate and distinct retail store chains and therefore the cases are not so closely related as to warrant transfer. Ultimately, the Court agrees with the Plaintiff that, in contrast to those cases that have granted motions to transfer a related case based on the interest of justice and judicial economy, the parties and underlying issues in the instant action and the SDNY actions are sufficiently different, so that any benefit gained by transferring this action would be minimal. *Cf., BBC Intern. Ltd. v. Lumino Designs, Inc.*, 441 F.Supp.2d 438, 442 (E.D.N.Y.2006) (granting transfer in the interest of justice where the related actions both involved claims regarding the validity of the same patent, and whether the same products infringed on the patent); *Columbia Pictures Industries, Inc. v. Fung*, 447 F.Supp.2d 306, 310 (S.D.N.Y.2006) (granting motion to transfer in a patent infringement case to a district where the same plaintiff had a related patent infringement action pending against a different defendant based on the same underlying technology, holding that "[a]ny court that hears either case will have to understand and make decisions about the legal effects of the defendant's BitTorrent technology and the scope of non-party discovery"); *Williams v. City of New York*, No. 03–CV–5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) (granting transfer from the Southern District of New York to the Eastern District of New York where the two actions "encompass[ed] similar legal and factual issues, involve[d] the *same plaintiff*, [were] both suits against members of DOCS, and the City anticipate[d] calling the same witnesses in its defense in both actions") (emphasis added); *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F.Supp.2d 228, 234 (S.D.N.Y.2003) (granting a motion to transfer a case involving mostly similar defendants where the complaints in the related actions alleged "the same misrepresentations in public filings, relie[d] on the same alleged statements made by the Fund's portfolio manager and allege[d] the same unheeded 'red flags'").

Although TJX is named as a defendant in all three actions, TJX's alleged role in the operation of Marshalls and T.J. Maxx retail stores is markedly different. Ac-

cording to the complaints filed in the *Archibald* action and the *Guillen* action, TJX is one of three entities that owns and operates the Marshall's retail stores. (*See* Bauer Decl., Exs. 2 & 3.) Thus, the issue in the SDNY actions is whether the *Marshalls Defendants,* not simply TJX, with respect to their operation of *Marshalls' stores* implemented a policy where they willfully misclassified Assistant Managers as exempt from overtime compensation. By contrast, accepting as true for the purposes of this motion that T.J. Maxx is simply TJX's registered trademark, TJX is the only entity identified as owning and operating the T.J. Maxx stores. Accordingly, the issue in the instant action is whether *TJX,* with respect to its role in operating *T.J. Maxx stores,* rather than Marshalls stores, implemented a policy where it willfully misclassified Assistant Managers as exempt from overtime compensation.

The Court is cognizant of the fact that when considering whether to a transfer a case that has similarities to a previously filed action, "[t]he interests of justice require that the cases be related, not identical." *Columbia Pictures Indus. v. Fung,* 447 F.Supp.2d 306, 309–10 (S.D.N.Y.2006) (quoting *Manufacturers Hanover Trust Co. v. Palmer Corp.,* 798 F.Supp. 161, 167 (S.D.N.Y.1992)). Although the Defendant claims that TJX commonly owns Marshalls and T.J. Maxx, and that TJX, to some undefined extent, is involved in the operation of both stores, the Defendant does not claim that Marshalls and T.J. Maxx are subject to the same policies or operated by the same entities. Ultimately, it is the operation of the two separate retail store chains, as opposed to the ownership, that is the relevant factor in determining whether the cases are sufficiently related to warrant transferring the instant action in the interest of justice and judicial economy. Although there may be some common discovery for TJX policies as they

relate to its ownership of the two stores, the discovery with respect to the core issues, the Marshalls Defendants' policies as they relate to Marshalls, and TJX's policies as they relate to T.J. Maxx, will require separate inquiries. To be sure, it is possible that the same entity, whether it be TJX or one of its subsidiaries, is tasked with operating both the Marshalls and T.J. Maxx retail chains and/or that the two retail chains are governed by the same policies and procedures. However, the Defendant's assertion, without more, that TJX and TJX's policies are the core issues in both actions is not enough to satisfy its burden of showing by clear and convincing evidence that transferring the instant case to the Southern District would further the interest of justice and judicial economy. Accordingly, the Court finds that the potential for overlapping discovery with respect TJX's ownership of Marshalls and T.J. Maxx, when weighed against the Plaintiff's choice of forum and the existence of the Plaintiff's individual claim for retaliation, does not tip the balance in favor of transfer.

Finally, the Defendant argues that "significant efficiencies" would result from transferring this case "as a related case" to the Southern District because Judge Preska and Magistrate Judge Gorenstein's involvement in the SDNY actions "have afforded both judges with knowledge of the legal claims asserted, and facts involved in this case." (Def. Br. at 7.) Although some courts have transferred a case in the interest of judicial economy when the transferee judge had preexisting knowledge or expertise, this rationale tends to involve complex factual circumstances or legal issues. *See e.g., Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.,* 415 F.Supp.2d 370, 376–77 (S.D.N.Y.2006) (holding that, while the related cases between the same parties involved different patents, transfer was warranted because

the judge in the proposed transferee court had "considerable experience and familiarity with the complex technology involved" in the cases). The overtime compensation claims under the N.Y. Labor Law and the FLSA in these cases do not fall into such a category and therefore denying the Defendant's motion to transfer will not impede the goal of Section 1404 to promote judicial efficiency.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that, in addition to failing to explain why the Court should disregard the Plaintiff's choice of forum for his individual claim of retaliation, the Defendant has not met its burden of showing that transfer is warranted with respect to the Plaintiff's class action and collective claims. Again, two separate retail store chains are involved. Accordingly, the Defendant's motion to transfer the instant case to the Southern District of New York is denied. **SO ORDERED.**