**Mercedes AYALA–BRANCH, Plaintiff,**

v.

**TAD TELECOM, INC.,**
**et al., Defendants.**

**No. 01 CIV. 11428(VM).**

United States District Court,
S.D. New York.

April 26, 2002.

Louis Ginsberg, New York City, for Plaintiff.

A. Michael Weber, Littler, Mendelson, New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff, Mercedes Ayala–Branch ("Ayala–Branch") commenced the present action alleging thirteen separate causes of action for sexual, gender and national origin discrimination and unlawful retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and analogous New York State and City law. At the initial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, defendant Tad Telecom, Inc. ("TTI") sought leave to file a motion to transfer the action to the United States District Court for the Middle District of Florida, Tampa Division. At the Rule 16 conference, the Court scheduled the matter for briefing by letter. For the reasons set forth below, TTI's motion to transfer pursuant to 28 U.S.C. § 1404(a) is granted.

## DISCUSSION

■ Ayala–Branch asserts that venue for this action is proper in the Southern District of New York because she was hired to participate in a training program in Tampa, Florida after a telephone interview which occurred in this District and because she would have worked here but for the alleged discrimination. Based on these assertions, Ayala–Branch concludes that her choice of forum is proper under the venue provision of Title VII, 42 U.S.C. § 2000e–5(f)(3), which states:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

Accepting as true Ayala–Branch's allegation that she would have worked in this judicial District upon completion of her training, it appears that the Southern District of New York is an appropriate forum under the specific venue rules set forth in Title VII.

■ That the present action may have been commenced appropriately in this District, however, does not end the inquiry. Although Title VII contains its own statutory venue provisions, an action brought under the federal employment discrimination laws is still subject to transfer in order to maximize the convenience of parties and witnesses and in the interests of justice. *See* 28 U.S.C. § 1404(a); *Ring v. Executive Jet Aviation*, No. 01 Civ. 738, 2001 WL 492428, *2 (S.D.N.Y. May 8, 2001); *Richman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 441 F.Supp. 517,

519–20 (S.D.N.Y.1977) (although "choice of forum in a Title VII action is strictly governed by the venue provisions in 42 U.S.C. § 2000e–5(f)(3) ... transfer in the interests of justice and for the convenience of all the parties is not foreclosed by 42 U.S.C. § 2000e–5(f)(3).").

In assessing whether transfer of an action is warranted pursuant to 28 U.S.C. § 1404(a), courts are guided by several factors: (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the ease of access to those sources of proof; (4) the situs of the operative events at issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice. *See Berman v. Informix Corporation*, 30 F.Supp.2d 653, 657 (S.D.N.Y.1998) (citations omitted). Ordinarily, plaintiff's choice of forum is accorded relatively greater importance than the other factors. That is not the case, however, when the operative facts have few meaningful connections to the plaintiff's chosen forum. *Id.* at 659. Under those circumstances, the importance of the plaintiff's choice of forum measurably diminishes. *Id.; see also Caesar v. Interoute Telecommunications, Inc.*, No. 00 Civ. 8629, 2001 WL 648946, *3 (S.D.N.Y. June 12, 2001).

Ayala–Branch contends that transfer would be unwarranted for two reasons. First, her choice of forum is statutorily authorized pursuant to 42 U.S.C. § 2000e–5(f)(3), and presumably, the Court should defer to her preference for bringing her action in this District. Second, transfer would result in inconvenience to Ayala–Branch and undue delay in the pending action.

Neither of these two contentions present a compelling case for denying transfer. As set forth above, the more precise issue before the Court is not whether Ayala–Branch's choice of forum is proper, but whether another district would be the more appropriate forum in light of the totality of circumstances. Furthermore, although the Court respects Ayala–Branch's preference to remain in this District for purposes of litigation, the importance of her preference is substantially diminished by the uncontested allegations in her complaint which place the operative events—her training program, the alleged unlawful employment practices, her complaints of discrimination to supervisors and her employer's alleged retaliation against her—in Tampa, Florida.

In addition, TTI raises a number of relevant practical and efficiency concerns which go to the heart of the analysis under *Berman*. First, TTI identifies seven potential witnesses with relevant knowledge of the events in question, who, because the operative events occurred in Tampa, all reside either in Florida or Georgia. The convenience of these potential witnesses, therefore, clearly weighs in favor of transfer. Furthermore, the practical consideration of this Court's subpoena power is also relevant. Because some of these potential witnesses have left TTI for other employment opportunities, they are nonparty witnesses who may be unwilling to travel to this District and who are clearly beyond the subpoena power of this Court.

When balancing these concerns under the rubric of the *Berman* analysis, the Court is persuaded that the Middle District of Florida is the more appropriate forum for Ayala–Branch's action. The second, third, seventh and eighth factors fa-

vor neither party over the other.[1] The sixth factor has not been addressed by either party.[2] The balance of the criteria, however, support TTI's motion to transfer. Ayala–Branch's training program, TTI's allegedly discriminatory acts, her purported complaints to TTI supervisors and the alleged retaliation against her—the critical events in question—took place in Tampa. The potential witnesses, all current residents of Florida or Georgia, would save both time and expense if this action proceeds in the Middle District of Florida. The unavailability of non-party witnesses because of the limitation in this Court's subpoena power could substantially prejudice TTI's ability to defend itself against Ayala–Branch's claims.

As a final matter, Ayala–Branch's concerns about undue delay appear to be misplaced. She asserts that transfer of her action would require, in essence, starting over again from the beginning. TTI, however, has stated by letter brief its willingness to stipulate to the case management plan already endorsed by this Court and to any discovery that has already been taken in this District. In sum, judicial economy and the interests of justice support transfer of the present action to the Middle District of Florida.

1. As to the second factor, one or the other party will be inconvenienced equally depending on where this action resides. Both parties concede that this is not a document-intensive case, which renders the third factor neutral in the *Berman* analysis. With regard to the seventh criteria, this Court and the Middle District of Florida are equally competent to hear claims under federal law, and because the elements of Ayala–Branch's claims under New York State and City law are essentially the same as under Title VII, no special expertise is required to address all of her claims. *See Choudhury v. Polytechnic Institute of New York,* 735 F.2d 38, 45 (2d Cir. 1984). And the importance of plaintiff's

*CONCLUSION AND ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to transfer this action pursuant to 28 U.S.C. § 1404(a) is granted; and it is further

**ORDERED** that the Clerk of Court is directed to transfer the case file, including all original documents, to the United States District Court for the Middle District of Florida, Tampa Division.

**SO ORDERED.**

choice of forum, the eighth factor, is diminished, as noted above, by the fact that the operative events at issue occurred in Tampa.

2. With respect to the sixth factor, the parties have not briefed the issue of the relative means of the parties, and the Court has no basis on which to conclude that one party is better situated economically than the other. In any event, even if Ayala–Branch convincingly demonstrated that she would be hampered by having to pursue her action elsewhere, that circumstance alone would not outweigh the relevant practical and efficiency considerations raised by TTI.