Solly S. OUANNOU, as court-appointed Permanent Liquidator of the Genesis Group of Companies, et al.  Plaintiff,

v.

Regine STARR (a/k/a Regine Ruff, Regine Tuff, Regine Starr Tuff, Regina Starr), et al.  Defendants.

No. 02 CIV. 6287 VM.

United States District Court, S.D. New York.

Aug. 23, 2002.

Donn D. Buchwald, Law Office of Don Buchwald, L.L.P., New York City, Randall T. Sims, New York, NY, for plaintiff.

*DECISION AND ORDER*

MARRERO, District Judge.

By Order dated August 13, 2002, the Court stated that in reviewing the Complaint filed in this matter it noted that the plaintiff and almost all defendants involved in this action are individuals, corporations and business entities residing, having offices and/or doing business in various locations in Nassau and/or Suffolk Counties, New York. The complaint indicates that the action relates to certain real estate property located in Southampton, New York (the "Property") and numerous transactions pertaining to the development and/or financing of the Property.  Because it appeared that all or most of the operative facts that gave rise to the underlying action at issue occurred in Suffolk and/or Nassau counties, and that substantially all of the parties, potential witnesses and other persons and essential documents related to this action are located in the Eastern District of New York, the Court directed the parties to show cause why this matter should not be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

By letter dated August 15, 2002 plaintiff responded that venue in this District is predicated on a choice-of-forum provision in an Operating Agreement to which the principal parties were signatories and by which the parties consented to the jurisdiction of any state or federal court in New York County.  Plaintiff expressed no objection to the transfer of this matter to the Eastern District of New York if all defendants so agree.

Defendants Cove Neck Estate and Diane C. Fisher have written to the Court by letter of August 20, 2002 noting that pursuant to New York Civil Practice Law and Rules § 507 any trial of this action must be in the county where the Property is situated, and therefore requesting transfer

of the action to the Eastern District of New York. Defendant Philip H. Sanderman, by letter of August 21, 2002, requested that venue be transferred to the Eastern District of New York and represented that the request was joined in by defendants Regine Starr, David Starr–Tambor, Cove Neck Estates Corp.,; Big Green Construction Corp., and The Three P Corp.

Having considered the matter as set forth in the complaint and the responses from the parties, referred to above, received by the Court by the deadline fixed in its August 13, 2002 Order, the Court concludes that the transfer of this action to the Eastern District of New York is appropriate pursuant to the 28 U.S.C. 1404(a), for the convenience of parties and witnesses and other interests of justice. *See Ayala–Branch v. Tad Telecom, Inc.*, 197 F.Supp.2d 13 (S.D.N.Y.2002) The Property, all of the relevant operatives facts and transactions and virtually all of the parties and potential witnesses and relevant records are all situated within that District.

### ORDER

For the reasons described above, it is hereby

**ORDERED** that the Clerk of Court transfer this action to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**