Queen ZEPHERIN, Plaintiff,

v.

GREYHOUND LINES INC., Defendant.

No. 06 CIV 0603(VM).

United States District Court,
S.D. New York.

Feb. 17, 2006.

Joel M. Gluck, Brooklyn, NY, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

The events that gave rise to this action relate to an incident that occurred in Richmond, Virginia. Plaintiff Queen Zepherin ("Zepherin"), a citizen of Alabama, purchased a ticket and boarded a bus of defendant Greyhound Lines Inc. ("Greyhound") in New York bound for Montgomery, Alabama. According to the complaint, the bus made a stop in Richmond, where some passengers disembarked and others boarded. Zepherin alleges that Greyhound took no measures to search or otherwise determine that the passengers who got on the bus in Richmond were carrying weapons, drugs, alcohol or other materials that might increase risks to other passengers. Among those new passengers was an individual who sat next to Zepherin. Zepherin alleges that that passenger, while intoxicated and carrying a knife, offensively touched Zepherin, ignored her requests to stop doing so, and engaged in a fight with other passengers, in the course of which he pulled the knife and stabbed them. Virginia police later boarded the bus and arrested the wrongdoer. Because it appears that all or a major part of the material events, documents, persons and potential witnesses related to this action are located in the Eastern District of Virginia, the Court directed Zepherin to show cause why this matter should not be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Zepherin, responding by letter dated January 31, 2006, objected to the transfer. Greyhound replied by letter dated February 8, 2006 favoring such transfer.

In support of retaining the case in this District, Zepherin argues that the center of operative facts of this litigation is New York because: Zepherin boarded the Greyhound bus in New York; the bus

driver might be based in New York; Zepherin has relatives in New York, her attorney is located here, and her choice of forum warrants deference; Greyhound has offices in New York and its duty of care commenced when Zepherin began her journey in New York; the parties should have no difficulties obtaining relevant documents. The Court is not persuaded. *See Fero v. Amtrak,* No. 00 Civ. 8921 (S.D.N.Y.2000), slip op. (transferring an action to the Eastern District of Texas because the plaintiff, a New York resident who purchased a ticket and boarded Amtrak's train in New York, claimed injuries allegedly resulting from an assault by third persons that occurred during a stop of the train in Texas).

◼ In assessing whether transfer of an action is warranted pursuant to 28 U.S.C. § 1404(a), courts are guided by several factors: (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the ease of access to those sources of proof; (4) the center of the operative events at issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice. *See Ayala–Branch v. Tad Telecom, Inc.,* 197 F.Supp.2d 13, 15 (S.D.N.Y.2002); *Berman v. Informix Corp.,* 30 F.Supp.2d 653, 657 (S.D.N.Y.1998).

◼ As stated above, the wrongs Zepherin alleges arose from events that occurred at the Greyhound station in Richmond after the passenger whose conduct allegedly caused Zepherin's injuries boarded the bus there. That offending passenger and potentially other non-party witnesses to the incident are more likely to be residents of the vicinity of Richmond than of New York, and thus they would be much more inconvenienced were they requested to travel to testify in New York rather than in Virginia. More significant, if any of those witnesses chose not to willingly appear or otherwise cooperate in the litigation, they could not be directed to do so by this Court, as they are likely to be beyond the reach of this Court's subpoena power to compel depositions or testify at trial. *See* Federal Rules of Civil Procedure 45. Zepherin makes no reference to any critical witness, other than the bus driver, who may be located in New York. Similarly, the police officers called to respond to the incident, the reports they prepared and the records of any treatment Zepherin may have received at that time are also located outside the Court's subpoena power. *See Crutchfield v. Country Wide Home Loans,* No. 02 Civ. 9092, 2003 WL 102879, at *2 (S.D.N.Y. Jan. 10, 2003) ("The location of [non-party] witnesses and documents within the Court's subpoena power is an essential consideration in determining the appropriateness and convenience of plaintiff's choice of forum") (citing *Ayala–Branch,* 197 F.Supp.2d at 15).

◼ While a plaintiff's choice of forum should be accorded some deference, that consideration is not entitled to the same weight where a plaintiff is not a resident of the forum district or the operative facts are centered in another district. *See Ayala–Branch,* 197 F.Supp.2d at 15. Nor is the location of plaintiff's counsel a material consideration. Finally, it is arguable that Greyhound's breach of any standard of care arose in New York, as Zepherin alleges, rather than at the Virginia bus terminal where the offending passenger boarded the bus without adequate security checks on the part of Greyhound and engaged in the conduct at issue. Therefore, the law applicable to determine any liability arising from Greyhound's role in Zephe-

rin's claimed injuries is more likely that of Virginia than of New York.

These circumstances weigh much more compellingly in favor of conducting this litigation in the Eastern District of Virginia. Accordingly, the Court concludes that transfer of the action pursuant to 28 U.S.C. § 1404(a) is warranted.

### ORDER

For reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**