**Alan HARRIS, Plaintiff,**

v.

**Eli BRODY, Defendant.**

**No. 06 Civ. 13309(VM).**

United States District Court,
S.D. New York.

Feb. 28, 2007.

Alan Harris, New York City, Pro se.

## DECISION AND ORDER

MARRERO, District Judge.

In reviewing the complaint of pro se plaintiff Alan Harris ("Harris") in this matter the Court noted that Harris asserts that he is a resident of New York and defendant Eli Brody ("Brody") is a resident of New Jersey. The complaint indicates that the events that gave rise to the action occurred in connection with the probate of Harris's mother's will in Monmouth County, New Jersey. In particular, Harris describes alleged misconduct by Brody and his attorney in connection with the probate, and takes issue with decisions made by the court in those proceedings. Because it appeared that in whole or in major part the material events, documents, persons and potential witnesses related to this action are located in the District of New Jersey, the Court, by Order dated February 16, 2007, directed Harris to show cause why this action should not be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Harris responded that the material facts of this case are "minimal and even non-existent." (Opposition to Venue Change, date February 22, 2007, ¶ 1.) By letter to the Court dated February 28, 2007, Brody expressed support for the transfer of the case to the District of New Jersey.

In assessing whether transfer of an action is warranted pursuant to 28 U.S.C. § 1404(a), courts are guided by several factors: (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the ease of access to those sources of proof;

(4) the situs of the operative events at issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice. See Ayala–Branch v. Tad Telecom, Inc., 197 F.Supp.2d 13, 15 (S.D.N.Y.2002); Berman v. Informix Corporation, 30 F.Supp.2d 653, 657 (S.D.N.Y. 1998) (citations omitted). Ordinarily, the plaintiff's choice of forum is accorded relatively greater importance than the other factors. That is not the case, however, when the operative facts have few meaningful connections to the plaintiff's chosen forum. See Berman, 30 F.Supp.2d at 659. Under those circumstances, the importance of the plaintiff's choice of forum measurably diminishes. See id.; see also Crutchfield v. Country Wide Home Loans, No. 02 Civ. 9092, 2003 WL 102879, *1–2 (S.D.N.Y. Jan. 3, 2003).

The Court disagrees with Harris's characterization of the operative facts of this controversy as minimal and favoring this district for litigation. Harris's complaint and other submissions describe a complex factual dispute involving an amount in controversy that Harris states exceeds $144,871.14. These allegations entail claims charging, among other unlawful conduct, embezzlement, fraud, extortion, misrepresentation, and abuse of judicial process committed in New Jersey not only by Brody, but by his non-party attorney, and potentially implicating the New Jersey court in which the probate proceedings were conducted. In addition, Harris refers to property at issue that involves a real estate investment trust and other assets presumably located primarily in New Jersey, the rights to which were determined by the probate court in accordance

with New Jersey law. On this basis the Court concludes that the convenience of the parties and other witnesses and the interest of justice and sound judicial administration would be better served by the transfer of this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this case to the District of New Jersey, Newark, New Jersey division, pursuant to 28 U.S.C. § 1404(a).

The Clerk of Court is directed to close this case.

**SO ORDERED.**