### Blaise HANCOCK, Plaintiff,

v.

### SAFECO INSURANCE COMPANY OF INDIANA, Defendant.

### No. 09 Civ. 9873(VM).

United States District Court, S.D. New York.

Feb. 25, 2010.

Raymond C. Osterbye, Law Office of Raymond C. Osterbye, Esq., New York, NY, for Plaintiff.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

In reviewing the complaint filed in this matter the Court noted that plaintiff Blaise Hancock ("Hancock") asserts that he is a resident of New York, and defendant Safeco Insurance Company of Indiana ("Safeco") is an insurance corporation based in the State of Washington and licensed to do business in New York. The complaint indicates that the events that gave rise to the action occurred in connection with an insurance claim Hancock submitted to Safeco for loss resulting from fire in a home Hancock purchased in Dallas, Texas, including expenses Hancock incurred for travel to and temporary residence in Texas and for inspections and reports of the fire damage.

Because it appears that in whole or in major part the material events, documents, persons and potential witnesses related to this action are located in a District of Texas, by Order dated February 9, 2010, the Court directed Hancock to show cause why this matter should not be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Hancock responded by letter dated February 16, 2010, arguing that the merits of the claims have not been heard in any court; that two important witnesses, himself and Brevard Hudson, both reside in New York; and that when the denial of the claim occurred Hancock was residing in New York. Safe-

---

co, by letter dated February 22, 2010, supports transfer to the Northern District of Texas. It points to numerous non-party witnesses, in particular Dallas Fire Department inspectors and other government agents and law enforcement officials in Texas involved in investigating the cause of the fire, who are essential to the litigation. Further, Safeco notes that the insurance policy question was negotiated and issued in Texas and covers property located in Texas; that Hancock's insurance claim is governed by Texas law; that Hancock seeks recovery under a Texas statute; and thus that Texas has a greater interest as the forum for resolution of this litigation.

Upon consideration of the parties' submissions, the Court is not persuaded that this District is a convenient venue for this litigation. The location of the core operative facts, third-party witnesses outside the scope of the Court's subpoena power, and other relevant considerations weigh heavily in favor of transferring venue of this litigation to the Northern District of Texas. *See Crutchfield v. Country Wide Home Loans,* No. 02 Civ. 9092, 2003 WL 102879 (S.D.N.Y. Jan. 10, 2003); *Ayala–Branch v. Tad Telecom, Inc.,* 197 F.Supp.2d 13, 15 (S.D.N.Y.2002). Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this action the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

The Clerk of Court is directed to withdraw any pending motion and to close this case.

**SO ORDERED.**